## SAMUEL HANNA

*v.*

## JONATHAN RATEKIN.

1. TENDER.— *when formal not necessary.* Appellee went to appellant's house to pay a note in legal tender notes. Appellant declared, that he would take nothing but gold or silver, — *held,* that appellant waived a formal tender. *Wynkoop* v. *Cowing,* 21 Ill. 588.

2. SPECIFIC PERFORMANCE — *laches — waiver of strict performance.* Where time was not made the essence of a contract, and there was an offer to perform in a few days after maturity, and a refusal to accept any thing but gold or silver, — *held,* that the party whose duty it was to perform was not chargeable with laches, and even if time had been made of the essence of the contract, the refusal waived a strict performance.

3. DECREE — *how impeached.* A decree cannot be impeached by affidavits alone, unaccompanied by a bill filed for that specific purpose.

4. CHANCERY — *affirmative relief.* To entitle a defendant to affirmative relief he must file a cross-bill.

APPEAL from the Circuit Court of Warren county; the Hon. JOHN S. THOMPSON, Judge, presiding.

In the year 1849, Ratekin had a pre-emption right to the land in controversy, except twenty-four acres; not being able to enter it himself, he borrowed $200 from Hanna, and to secure him, entered the same in Hanna's name, giving his note for the amount borrowed, with an agreement to pay fifteen per cent per annum. Ratekin was in possession of the land at the time, and up to March, 1863. The parties had various settlements, in order to *compound the interest.*

In 1854, Hanna lent him a small sum, and paid the taxes on the land. In 1858, Ratekin paid $195 on his indebtedness. In March, 1862, Ratekin conveyed the twenty-four acres to Hanna for $240. Hanna loaned Ratekin $260 more, and they computed the principal and interest (at fifteen per cent), on the former loans to be $1,732.77. Hanna then executed to Ratekin a bond conditioned for the reconveyance of the land in controversy, on payment of $2,232.77 in one year from the date thereof. Ratekin was absent in Oregon when the note became due, but his son, Charles V. Ratekin, and his brothers, Edward and George Ratekin, about the 1st of March, 1863, went to Hanna's house and offered to pay him the whole amount in legal tender notes, which was refused because the tender was not made in gold and silver.

In the spring of 1863, Ratekin's family was driven from the land, by the agents of Hanna.

In July, 1864, Ratekin filed his bill for specific performance, setting up the above facts, and averring his willingness to perform the contract by paying the indebtedness.

Messrs. JAMES W. DAVIDSON and A. G. KIRKPATRICK for the appellant.

Mr. J. H. STEWART, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The record and testimony in this cause are voluminous, and we have given it ample consideration, and from it have reached the conclusion, that the relation of these parties was, originally, that of mortgagor and mortgagee. Whether the written contract of March, 1862, changed that relation, to one of vendor and vendee, is wholly immaterial; for, in the first position, there was a right of redemption, and, in the other, the right of appellee to call upon appellant to perform specifically his contract of that date, as time was not, by the contract, made its essence, and the proof is, that the appellee offered to perform, in a few days after the note matured, hence, he was not chargeable with laches.

As to the question of tender, a formal one was not necessary, as appellant declared he would take nothing but gold or silver. *Wynkoop* v. *Cowing et al.*, 21 Ill. 588. The parol evidence of what occurred at the time the Ratekins went to appellant's house to pay the note in legal tender notes, though inadmissible to establish a new contract, was competent for the purpose of showing that appellant waived a formal tender, and waived strict performance, even if time had been of the essence of the contract.

Appellant refusing, then, to accept any thing but gold and silver in payment, such refusal gave appellee the right at once to bring his bill. The allegations of the bill are substantially proved. We see no error in the refusal of the court to set aside the decree rendered at March Term, 1863. A decree cannot be impeached by affidavits alone, unaccompanied by a bill filed for that specific purpose.

The decree must be affirmed. We are asked by the appellee to modify the decree here, by throwing out the usurious interest, which went to make up the total of the recovery.

This we cannot do, as appellee has filed no cross-bill asking affirmative relief, nor has he assigned any cross error. Under these circumstances, all that this court deems it proper now to do, is to affirm the decree.

*Decree affirmed.*