## ELIZABETH HAAS *et al.*

### *v.*

## THE CHICAGO BUILDING SOCIETY.

1. DECREE—*can not be questioned, when rendered by consent.* Where the attorney of a party to a suit files a stipulation in the case, whereby he consents that a decree may be rendered against his client for a certain amount, and a decree for that amount is afterwards entered, although the decree may not recite or refer to the stipulation, still, being filed before the commencement of the hearing, such stipulation becomes a part of the record, and precludes the party on whose behalf it is filed from questioning the amount of the decree.

2. INTEREST—*decree can only draw six per cent.* Under the statute, judgments and decrees can only draw six per cent interest, and a decree which provides that the sum found due shall bear ten per cent interest until paid, is erroneous to the extent of the difference between six and ten per cent interest.

APPEAL from the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

Mr. THOMAS SHIRLEY, and Mr. D. JAMES LEARY, for the appellants.

Messrs. GAULT & LOW, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a bill in equity, to restrain appellees from selling property in the city of Chicago, under a trust deed given to

secure money loaned to the wife of Valentine Haas. It is alleged that a large portion of the debt consisted of usury and compound interest, and that a portion of the sum claimed to be due was never received by appellants, or either of them. There were filed a cross-bill, an amended cross-bill, and a supplemental cross-bill, and evidence taken by both parties in support of their bills, but, on the hearing, the court below dismissed appellants' bill, and found a large sum to be due appellees, and granted the relief sought by the cross-bill by ordering the property to be sold to satisfy the decree.

If the evidence were considered, it is probable that no one would be surprised that Mrs. Haas became unable to perform her contract, when the interest was added to the principal, and made to draw interest when due, and not only so, but, under the name of a fine or forfeiture, still another sum was added to the amount, on default in payment of each monthly installment. But we will not stop to consider the question whether these different processes have produced more than ten per cent on the amount loaned or not, as the whole case turns on the stipulation filed by Mrs. Haas' attorney on the 24th of November, 1874. It is this:

" *The Chicago Building Society* v. *Elizabeth Haas and Valentine Haas.* D. J. Leary, as attorney for the above named defendants, and for himself, hereby stipulates and agrees with the Chicago Building Society, that he holds a good and sufficient authority from Elizabeth and Valentine Haas, the above named defendants, to make the following stipulation and agreement:

" It is hereby stipulated and agreed, by Elizabeth Haas and Valentine Haas, that a decree of the said court be entered as of record in favor of the Chicago Building Society, for the amount of $24,785.56, due Oct. 15th, 1874, as soon as such decree can be drawn; and it is hereby further stipulated and agreed, that the said Elizabeth Haas and Valentine Hass, or D. J. Leary as their attorney, will pay or cause to be paid to the Chicago Building Society the sum of $30,000 on or before the 31st day of October, A. D. 1874, in which case the Chicago

Building Society hereby stipulates and agrees to control and procure three other trust deeds securing an aggregate sum of $5000, together with a certain judgment obtained against the said defendants by the Chicago Building Society, and as soon as said decree can be confirmed by the court, to give the said defendants or said Leary as their attorney a full and entire release of all claims now held by said society against the property involved in this suit, and all other property owned or possessed by the said defendants.

<div style="text-align:right">

"D. JAMES LEARY,

" *Solicitor for Haas.*"

</div>

This stipulation by the solicitor is conclusive on his clients, within the scope of its terms. See *Wilson* v. *Spring*, 64 Ill. 14. He admitted the amount due, and consented that a decree might be rendered as soon as it could be entered, which was done on the 13th of the following January, for the exact amount which he consented it should be. It is true that the stipulation is not recited or referred to in the decree, but it was a part of the record, being filed previous to the commencement of the hearing. Being an admission solemnly made of record in the case, it precludes appellants from questioning the amount for which consent was given to render the decree.

But even if parties could consent that a decree might draw ten per cent interest per annum, there is no pretense that any such consent was given in this case. Under our statute, judgments and decrees can only draw six per cent interest. See *Dinet* v. *Eigenmann*, *post*, p. 274, and authorities there cited. This decree directs that the sum found due shall bear ten per cent interest until paid. In this there was error, and to that extent the decree must be reversed, and modified so as to draw six per cent, but affirmed in all other things.

<div style="text-align:right">

*Decree modified.*