PATRICK SHANNAHAN ET AL.

v.

LYDIA STEVENS, ADMINISTRATRIX.

38   571
139s  428

*Fraud—Decree in Chancery Entered by Consent—Petition by Heirs of One Party to Open—Decree Overruled—Bill of Review.*

Where it is claimed that the consent of the complainant to the entry of a decree dismissing her bill was obtained by fraud, such complainant being a person *non compos mentis*, the remedy which the heirs of such complainant have, if any, is by bill of review, or by bill in the nature of a bill of review, and not by a petition to vacate the decree and substitute the petitioners as complainants in the original proceeding.

[Opinion filed December 8, 1890.]

IN ERROR to the Circuit Court of Will County; the Hon. JOSIAH McROBERTS, Judge, presiding.

Messrs. EGBERT PHELPS and HALEY & O'DONNELL, for plaintiffs in error.

Mr. C. W. BROWN, for defendant in error.

UPTON, J.   It is disclosed by this record that on the 29th of June, 1882, Bridget Shannahan filed her bill in the Circuit Court of Will County, against the defendant in error, to enjoin the foreclosure of a mortgage in the bill set forth (by a sale of the real estate therein described under a power therein contained), and upon filing the bill an injunction therein prayed issued, which was afterward dissolved in August, 1882, upon the defendants thereto filing their answers under oath, in which were denied the material allegations of the bill.

No further action appears to have been had in the case, until the 22d day of February, 1884, being then of the January term of the Will County Circuit Court, at which term and time, the following final decree was entered of record in said cause, viz.:   " This day comes the complainant by Haley & O'Donnell, her solicitors, and the said defendant by her so-

licitor also comes, and by consent of parties the court find the equities of this cause with the defendant, and orders that this bill be and it hereby is dismissed at the costs of the said complainant," etc. The sureties on injunction bond were discharged as per stipulation, etc. The consent for the decree referred to was duly filed in the Circuit Court and was as follows, after entitling the suit: "It is hereby stipulated by the complainant in the above cause, that a decree may be entered herein by consent of parties, finding the equities of said cause for the defendant, and dismissing the bill upon such defendant, at complainant's costs, but without right of action by the defendant on the injunction bond, the sureties thereon to be discharged from all liability, the matters in controversy being fully settled."

her<br>
(Signed) BRIDGET x SHANNAHAN, Compl't.<br>
mark

C. W. BROWN, attorney for defendant.

JOHN GLEASON,

J. P. STEVENS.

On the 27th day of February, that being one of the January term of the Will County Circuit Court for the year 1884, Patrick Shannahan, the husband of the complainant in the bill, but not a party thereto, by his solicitors, Olin & Phelps, made a motion (orally) in said court, to vacate said decree, and to admit said Patrick to file an intervening petition in said cause, which motion was entered of record in said court. The motion was not predicated upon bill or petition filed, or any facts shown by affidavit or otherwise, indicating upon what basis or right he claimed to intermeddle in the suit.

In this condition matters remained until the May term of such Circuit Court, 1886, when the present plaintiffs in error filed the petition now before us, and moved, upon filing the same, for the vacation of the above recited final decree, and asking to be substituted as complainants in the original bill filed in June, 1882, alleging in said petition the death of Bridget Shannahan, and that they were the sole heirs at law of the complainant Bridget in the original bill, and that the

decree of February 22, 1884, was procured by fraud, and
that the complainant in the original bill was at the date of
the entry thereof "*non compos mentis.*" Affidavits "*ex parte*"
were filed in support of the motion.

The Circuit Court denied the petition, and entered an order
accordingly, and this writ of error is brought to reverse that
order.

In the opinion of a majority of this court, the chancellor
committed no error in refusing the prayer for the relief in
the petition sought, and that for several reasons.' When this
motion was made at the January term of the Circuit Court in
1884, the party making it, Patrick Shannahan, was not a
party to the suit, and had no right to interfere with or inter-
meddle in its prosecution, so far as then or now appears of
record. In Hall v. Davis, 44 Ill. 498, the Supreme Court,
speaking of the right of a Mrs. Hall who sought to set aside
a decree under circumstances somewhat similar to the one
before us, used this language: "She was not a party to the
suit, and we know of no rule of practice which would author-
ize the court to set aside the decree upon her motion."
Besides, no motion in fact was made upon which the court
was called to act. It was not in writing, based upon no
ground showing Patrick Shannahan had the right in any way
to intervene in that suit, and the court properly refused to
recognize the attempted interference of a mere volunteer
and stranger to the proceedings. Nor is his position strength-
ened in the least, conceding he was then the husband of the
complainant in that suit, that gave him no then present
interest in her real estate; she being then living and he not
being a party thereto, his rights, if any, could in no way be
affected thereby. To hold otherwise, it is believed, would be
to establish a precedent which would lead to greater mischief
and be productive of more hardship and oppression than can
possibly result from adhering to what we understand to be
the well established rule of chancery practice in such cases.
If strangers not parties to the record in chancery proceed-
ings, could by simply entering a motion (orally) therein,
showing no right or cause therefor, unsupported by affidavit

or other legal evidence to sustain a pretended claim of right, suspend or stay its further action, much less set aside its final decrees, though entered by consent, little hope would remain of the final termination of any proceeding in equity. Such a rule we regard as dangerous, and we are not prepared to establish a precedent therefor. The plain duty of the court is to declare the law as it is written. Established principles can not, and ought not, to be disregarded on account of individual hardships, fancied or real.

In the case at bar there exist no hardships in fact. If the matters alleged in the petition filed in 1886 are true as therein alleged, it is clear the parties have a complete remedy by a bill of review or bill in the nature of a bill of error. 3 Dan'l Chan. Practice, Chap. 30; Boyden v. Reed, 55 Ill. 460; Hanna v. Ratekin, 43 Ill. 462; Radge v. Berner, 30 Ill. App. 183.

The decree having been entered of record by complainant's consent by stipulation she would not be heard to question it except for fraud. Haas v. Chicago Building Society, 80 Ill. 248; Wilson v. Spring, 64 Ill. 14. After the expiration of the term the court had no power over its records and the bill being dismissed in 1884, and its decree duly entered of record, there was no suit remaining in court to which the petitioners in 1886 could be made parties, and hence the motion then made was properly refused.

The decree in the case was entered of record before the close of the January term, 1884, of that court, and the recording of a decree is equivalent to its enrollment under the English practice in chancery. Hughes v. Washington, 65 Ill. 245; Radge v. Berner, 30 Ill. App. 183. After the entry of record of the decree subsequent proceedings must be by bill of review, or bill to impeach the decree, in the nature of a bill of review. Radge v. Berner, *supra;* Baker v. Whiting, 1 Story, 218.

We think, therefore, that Mrs. Bridget Shannahan, having by agreement dismissed the bill, consented and allowed a decree to be taken against her in 1884; that after the lapse of the term at which decree was entered, if she could not law-

fully move to vacate the same or to set the same aside after that term, her husband, who was not a party thereto, could not interfere for that purpose, or intermeddle in that behalf, and that the heirs of Bridget Shannahan stand in no better position. They claim under her, and can not after this lapse of time be allowed to open the decree *on motion*, any more than she could, and the remedy, as it occurs to us, is to impeach the decree by bill of review as before stated.

Seeing no error in the order and the decree of the Circuit Court, its order and decree is affirmed.

*Order affirmed.*

C. B. SMITH, P. J. I dissent from this opinion *in toto.* The refusal of the court to hear the petitioners, and upon the decree (which it had an undoubted right to do), made a most grievous fraud successful. This practice is expressly recognized and authorized by Hall v. Davis, 44 Ill. 498, as well also by the general rules of chancery practice.