## WASHINGTON.

---

### John B. F. Wilbur *vs.* Maria E. Wilbur *et als.*

The written agreement of the attorney of a party to a suit, containing an admission of a fact made in order to obviate the necessity of proving it, is binding on the client, and is admissible in evidence after the attorney has ceased to represent his client in the cause, unless it is set aside by the court on motion.

In a case where such an agreement was erroneously excluded when offered in evidence by the plaintiff, who, instead of assenting to the continuance of the case, excepted to the ruling of the court, and called as a witness one of the defendants, according to whose testimony the admission was untrue, whereupon the plaintiff was nonsuited, the plaintiff was refused a new trial unless he could satisfy the court that he had evidence other than the agreement of the fact admitted therein.

Plaintiff's petition for a new trial.

*Providence, July* 12, 1894.    Matteson, C. J.    This is an action of the case against the devisees in the last will and testament of Fones G. Wilbur, deceased.    The action is brought under Pub. Stat. R. I. cap. 189, § 14, as follows:    "The liability of the real estate of deceased persons for the payment of their just debts may be enforced by action of the

case, to be brought against the heirs at law or devisees of such estate, provided the personal estate of the testator or intestate be insufficient for the payment of his debts, funeral charges and expenses of supporting his family and settling his estate."

At the trial in the Common Pleas Division, the plaintiff offered in proof of the allegation of the declaration that the personal estate of the testator was insufficient for the payments specified in the statute, an agreement in writing, signed by one Sheffield Greene, as the defendant's attorney, to the effect that if the plaintiff's claim should be allowed, or was a just claim against the estate of the deceased at the time of his decease, or at the time the note evidencing it became due and payable, the personal estate of the deceased was insufficient for such payments by the amount of the plaintiff's claim. The plaintiff offered in connection with the agreement the testimony of a witness that the agreement was made by the defendant's attorney to obviate the necessity of proving the facts admitted in it and to procure for the defendants a continuance of the case; that it was agreed between the plaintiff's counsel and Greene, as attorney for the defendants, that the agreement should be kept by the plaintiff's counsel to prevent its being lost or mislaid, until it was necessary that it should be used in evidence. After the making of the agreement and before the trial, Greene ceased to be the attorney of the defendant. Their attorney at the trial objected to the admission of the agreement in evidence, and protested that it was signed without authority from his clients. The court ruled that as Greene had ceased to be the attorney of the defendants, the agreement was not admissible, and excluded it accordingly, but offered, in case the plaintiff was surprised, to continue the case. The plaintiff excepted to the ruling, declined the continuance, and subsequently called the defendant, Maria E. Wilbur, executrix of the estate of the deceased, as a witness, who testified that the assets of the estate, consisting of money on deposit and other personal property, were sufficient to satisfy all its debts, including the plaintiff's claim if valid. Thereupon, no other

testimony on the point being offered, the court non-suited the plaintiff. The plaintiff excepted to the ordering of the non-suit, and now petitions for a new trial, alleging that the court erred in its ruling excepted to.

The relation of attorney and client existing between Greene and the defendants at the time of the signing of the agreement was a sufficient authority for signing it and to render it binding on the defendants until set aside. *Lewis* v. *Sumner,* 13 Met. 269 ; *Truby* v. *Seybert,* 12 Pa. St. 101 ; *Smith* v. *Dixon,* 3 Met. (Ky.) 438 ; *Wilson* v. *Spring,* 64 Ill. 14 ; *Talbot* v. *McGee,* 4 T. B. Mon. 375 ; *Pike* v. *Emerson,* 5 N. H. 393 ; *Alton* v. *Gilmanton,* 2 N. H. 520 ; *Daniel* v. *Ray,* 1 Hill, (S. C.), 32; *Marshall* v. *Cliff,* 4 Camp. 133; Wharton on Agency & Agents, § 585. Nor did the fact that Greene had ceased to be the attorney of the defendants render the agreement inadmissible in evidence. *Young* v. *Wright,* 1 Camp. 139 ; *Wetherell* v. *Bird,* 7 C. & P. 6 ; *Elton* v. *Larkins,* 1 Moo. & Rob. 196. We are of the opinion, therefore, that the Common Pleas Division erred in excluding the agreement.

It is apparent from the testimony of the executrix that the admission contained in the agreement was untrue. It was doubtless made by the attorney who signed the agreement through mistake. If the agreement had been filed in court or notice of its existence had come to the defendants, so that they could have moved before the trial to set it aside as having been made through mistake, we think that on proof of the mistake the court might properly have granted the motion. *Pike* v. *Emerson,* 5 N. H. 393. This was practically the effect of the action of the court in excluding the agreement and offering to continue the case.

If the fact be as testified by Mrs. Wilbur, that the personal estate of the testator was sufficient for the payment of his debts and the charges and expenses mentioned in the statute, the plaintiff cannot maintain this action, and the granting of a new trial will avail him nothing. Unless, therefore, the plaintiff shall satisfy us by affidavit or otherwise that he has testimony other than the agreement to show that the

fact is different from what has been testified by the executrix, we think his petition should be denied and dismissed. We will allow it to stand for the present to give the plaintiff opportunity to show us that he has such testimony.

*Albert B. Crafts*, for plaintiff.

*Charles Perrin & John W. Sweeney*, for defendants.