Stoelke v. Hahn.

this court at the October term, 1894, and affirmed. Opinion filed December 6, 1894.

James L. Clark, attorney for appellant.

Wilber, Eldridge & Pinney, attorneys for appellee.

---

## Francis Stoelke et al. v. Mathias Hahn et al.

1. Insurance—*Verbal Contracts.*—A verbal contract of insurance is valid, in the absence of a statute to the contrary.

2. Contracts—*Consideration—Compromise of a Doubtful Right.*—

The compromise of a doubtful right is a good consideration to support the compromise agreement.

3. SETTLEMENT—*When Conclusive.*—A valid settlement, where both parties have yielded some right or legal claim in order to prevent litigation, constitutes a compromise that will not be disturbed.

**Memorandum.**—In chancery.   Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding.   Bill for injunction, on the hearing dismissed; appeal by complainant.   Heard in this court at the October term, 1894, and affirmed.   Opinion filed December 6, 1894.

APPELLANTS' BRIEF, BOTSFORD & WAYNE, AND J. F. SNYDER, ATTORNEYS.

Where the charter itself is made a part of the contract, it will not do to permit members of the company to plead ignorance of its provisions.   As every member is bound to pay his due proportion of all losses and expenses which may happen to the company, they should in all cases act fairly and honestly toward each other, as otherwise the contributions would be in unequal and unjust proportions.   Appellee was charged with notice of all the by-laws of the company and of the conditions of insurance adopted by the company, whether contained in the by-laws or in resolutions.   Illinois Fire Insurance Co. v. Manufacturing Co., 1 Gill. 263; Miller v. Association, 7 Atl. Rep. 895; Pfister v. Gerwig, 23 N. E. Rep. 1041; Baxter v. Chelsea Mu. Ins. Co., 1 Allen (Mass.) 294.

Nor is it in the power of the officers of the company to waive such by-laws as constitute the essence and substance of the contract.   Murphy v. People's Ins. Co., 7 Allen (Mass.) 239; Bremer v. Chelsea Mu. Ins. Co., 14 Gray (Mass.) 203; Mulray v. Shawmut Mu. Ins. Co., 4 Allen (Mass.) 116.

Tested by any ordinary essentials of a contract, there was no contract for insurance made, which covered this loss. Appellee had no policy, had paid no premium, had executed no note, nor promised to pay or to execute any note for the premium.

Suppose that he had commenced proceedings against the company to compel the issuance of a policy to him;

Stoelke v. Hahn.

could it be seriously contended that on the showing in this record he could succeed? Tested by the following cases he could not: People's Insurance Co. v. Paddon, 8 Brad. 447; Pickett v. German Ins. Co., 18 Pac. Rep. 903; Insurance Co. v. Holzgrafe, 63 Ill. 516; Covenant Mutual Association v. Conway, 10 Brad. 348; Rowland v. Springfield F. M. Ins. Co., 18 Brad. 601.

" While it is not necessary that the claim asserted should be a legal one, it is necessary that it must have some foundation in law or equity." Harris v. Cassidy, 107 Ind. 158.

In order that a compromise may constitute a sufficient consideration for the enforcement of an executory contract, there must have been an actual, *bona fide* claim founded upon a colorable right, about which there was room for honest doubt and actual dispute. U. S. Mortgage Co. v. Henderson, 12 N. E. Rep. 88; Jarvis v. Sutton, 3 Ind. 289.

APPELLEES' BRIEF, ELBERT H. GARY, ATTORNEY.

Appellees contended that at the time of the fire there was a valid contract of insurance upon the property destroyed. People's Ins. Co. v. Paddon, 8 Ill. App. 447; Mobile Marine Dock and Mut. Ins. Co. v. McMillan, 31 Ala. 711; Ela v. French, 11 N. H. 356; Kelly v. Commonwealth Ins. Co., 10 Bosw. (N. Y.) 82; 1 May on Insurance, Sec. 14 *et seq.*, and cases cited; Trs. of First Baptist Church v. Brooklyn Fire Ins. Co., 19 N. Y. 305; Ellis v. Ins. Co., 50 N. Y. 402.

It was within the power of the agents and directors of the company to waive, and they did waive, compliance with the by-laws. Boisot on By-Laws, page 16; Union Mut. Fire Ins. Co. v. Keyser, 32 N. H. 313; Campbell v. Merchants' & Farmers' Mut. Fire Ins. Co., 37 N. H. 35; Susq. Mut. Fire Ins. Co. v. Elkins, 124 Pa. St. 484; Davidson v. Old People's Mut. Ben. Scty., 39 Minn. 303; Fitzgerald v. Equitable Reserve Fund Life Assn., 3 N. Y. Supp. 214; Protection Ins. Co. v. Foote, 57 Ill. 360; Ill. Fire Ins. Co. v. Stanton, 57 Ill. 121; Pratt v. Dwelling House Mut. Fire Ins. Co., 130 N. Y. 219.

The allowance of the claim by the board of directors, and[1] the issuing of the warrant, constitute a compromise settlement upon which an action can be maintained. 1 Parsons on Contracts, 438 (Book II, Chap. 1, Sec. 4); Stapleton v. Stapleton, 1 Atk. 10; Moore v. Fitzwater, 2 Rand. (Va.) 442; Bennett v. Paine, 5 Watts (Penn.) 259.

This is not such a case as authorizes a court of equity to control the action of the board of directors of a corporation at the suit of a stockholder. Cook on Stock and Stockholders and Corporation Law, Sec. 750; Taunton v. Royal Ins. Co., 2 H. & M. 135.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The Addison Farmers Mutual Insurance Company is a corporation organized and existing under the laws of Illinois and engaged in the business of a mutual fire insurance company in the counties of Cook and Du Page.

The appellee, Hahn, became a member of the company and held a policy of insurance issued by said company which covered a barn, grain and stock, for a term of five years, and expired October 24, 1886.

The barn and contents were destroyed by fire October 30, 1886.

On October 28, 1886, an agent of the insurance company called at the house of Hahn and notified his wife that the insurance had expired. Hahn was at work on his farm about a mile from his home and did not meet the agent. Some conversation took place between the agent and Mrs. Hahn concerning a renewal of the insurance and the agent went away. The only persons present at the conversation were the agent and Mrs. Hahn and her daugher, Amelia.

The agent did not testify on the hearing of the cause, but Mrs. Hahn and the daughter, Amelia, did.

Subsequent to the fire, and in due time, the appellee presented his claim for loss against the company, claiming a loss on building and contents of $1,300.

Controversy arose among some of the stockholders and

some of the directors as to whether Hahn should be paid anything, because there was no policy of insurance in force when the fire occurred. This controversy was carried into the annual meeting of the stockholders which took place January 8, 1887, where a resolution was carried directing the officers of the company to pay Hahn, the appellee, $750; and about January 15, 1887, the board of directors directed the secretary of the company to issue a warrant on the treasurer to pay Hahn that amount, which warrant was accordingly issued and delivered to Hahn.

The appellants are members and policy holders of said company, and being dissatisfied with the action of the directors of the company in issuing a warrant to appellee as aforesaid, filed their bill in equity to restrain the directors and officers of the company from paying the amount of the warrant to Hahn or his assigns, and obtained a preliminary injunction to that effect.

After that injunction was issued Hahn brought a suit at law against the company to recover the $750, and thereupon the appellants filed their supplemental bill setting up that fact, and obtained an injunction against him from prosecuting his action at law. The cause was referred to a master and he reported in favor of dismissing both bill and supplemental bill, and his report was confirmed by the court and both bills were ordered to be dismissed. From that decree this appeal is prosecuted.

Numerous questions of importance relative to mutual insurance companies are presented by the bill and are urged upon our consideration, but in the view we take of one of the questions that controls all the others, so far as this case is concerned, we are relieved of considering but that one.

A verbal contract of insurance is valid, in the absence of a statute to the contrary. People's Ins. Co. v. Paddon, 8 Ill. App. 447; Ela v. French, 11 N. H. 356; Mobile Marine, etc., Ins. Co. v. McMillen, 31 Ala. 711; May on Insurance, Sec. 14; 1 Phillips on Insurance, 8.

Whether the undisputed testimony of Mrs. Hahn and Amelia Hahn proved a valid contract, need not be decided.

It certainly tended toward establishing a sufficient contract, and was, clearly, enough to furnish grounds for a reasonable legal dispute, and as such, to furnish a good consideration and foundation for a compromise of the claim.

The compromise of a doubtful right is a good consideration to support the compromise agreement.　Mulholland v. Bartlett, 74 Ill. 58.

A valid settlement, where both parties have yielded some right or legal claim in order to prevent litigation, constitutes a compromise that will not be disturbed.

As laid down by Lord Macclesfield, in Cann v. Cann, 1 P. W. 727, S. C., " an agreement entered into upon a supposition of a right, or of a doubtful right, though it after comes out that the right was on the other side, shall be binding, and the right shall not prevail against the agreement of the parties, for the right must always be on one side or the other; and therefore the compromise of a doubtful right is a sufficient foundation for an agreement."　Stapleton v. Stapleton, 1 Atk. 2.

It would be a needless expenditure of time to demonstrate by argument and authority that the board of directors having charge of the affairs of the insurance company, had authority to settle the disputed claim and to appropriate the funds of the corporation to pay the compromise sum agreed upon.　We hold, therefore, that there was a dispute between the company and Hahn upon which men, or courts and counsel learned in the law, might differ; (the court below has found contrary to the contention of appellants' counsel;) that there was a compromise of that dispute, and that its settlement was within the corporate powers conferred upon and exercised by the directors, and therefore affirm the decree.