Ellsworth Higgins, Appellee, v. Landen Kite, Appellant.

CONTRACTS—*what sufficient consideration to support.* A settlement of a controversy is supported by a sufficient consideration if the claim settled was doubtful and unliquidated.

Action commenced before justice of the peace. Appeal from the County Court of Effingham county; the Hon. MICHAEL O'DONNELL, Judge, presiding. Heard in this court at the February term, 1909. Reversed and remanded. Opinion filed November 13, 1909.

A. S. LOY and G. F. TAYLOR, for appellant.

R. C. HARRAH and S. F. GILMORE, for appellee.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

This is an appeal from the County Court of Effingham county where it was tried on appeal from a justice of the peace.

Appellee recovered a judgment for $170.25 and costs in the trial court.

The parties to this cause on April 3, 1908, entered into an agreement partly in writing and partly in parol whereby appellant, who had a farm of one hun-

dred and twenty acres, leased to appellee for one year about twenty acres of ground for corn and twelve acres of meadow, reserving rent, also providing that appellee should have one-half of stock field; one-half small fruit and apples for his use. This portion of the lease was in writing. It was further agreed by parol that appellee should occupy four rooms of the dwelling on the farm, appellant reserving two rooms. Appellee moved on the premises and after a time he and his wife becoming dissatisfied, desired to cancel their lease and move away. Meanwhile appellee had prepared the ground and planted some potatoes and garden seeds, broken some twelve acres of ground, attended to injured sheep and claimed for some other small services, for all of which, together with the supposed loss of his leasehold, he claimed damages.

After a careful consideration of all the evidence we conclude there was a settlement of all these disputed claims. Appellee testifies that his wife was dissatisfied with the surroundings and they both for this reason desired to quit the premises; that he proposed to appellant if he would pay him damages he would move; that he proposed that he pay him fifty dollars; that appellant offered him twenty-five dollars and that after consulting with his wife, he agreed to accept the offer and moved away the next morning. This was but a few weeks after appellee moved there in April. This is substantially the statement also made by appellant as to the terms of the settlement.

After the settlement there arose a controversy over an item for chickens and for hay for which appellant claimed appellee owed him; but whether those items were included in the settlement or whether they arose afterwards does not affect the settlement of the damages claimed by appellee at the time of that settlement and we find no reason anywhere in the evidence why the parties should not be held to it. The claims of appellee were unliquidated and doubtful. He desired to terminate his lease upon grounds of doubtful suffi-

ciency and all his items or claims against appellant were unliquidated. In such case there is sufficient consideration to support the settlement. Mulholland v. Bartlett, 74 Ill. 58; Stoelke v. Hahn, 55 Ill. App. 497; Warren v. Kerr, 93 *id.* 172.

Being of opinion the damages were excessive, the court erred in overruling the motion of appellant for a new trial and entering judgment on the verdict.

We do not deem it necessary to discuss the alleged errors assigned and argued on the instructions given on behalf of appellee since upon another trial in conformity with the views herein expressed such alleged errors if any may be obviated.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*