CHAUNCEY C. BIGGERSTAFF *et al.*

*v.*

JOHN C. BIGGERSTAFF *et al.*

*Opinion filed June 21, 1899.*

1. UNDUE INFLUENCE—*undue influence must deprive grantor of free agency.* Undue influence, such as will justify setting aside a deed, must have been of such a nature as to deprive the grantor of his free agency and to render his act more the will of another than his own.

2. EQUITY—*verdict of jury in chancery case is ordinarily merely advisory.* The verdict of a jury in a chancery case, where the issue is not required by statute to be submitted to a jury, is merely advisory, and it is discretionary with the chancellor to accept or reject the verdict, as he believes justice requires.

3. APPEALS AND ERRORS—*chancellor's error must be palpable to authorize reversal on facts.* A decree dismissing a bill to set aside deeds on the ground of mental incapacity and undue influence, rendered on conflicting oral testimony, will not be reversed on the facts unless clearly against the evidence, even though the chancellor set aside the verdict of the jury upon the issue of mental capacity.

APPEAL from the Circuit Court of Knox county; the Hon. GEORGE W. THOMPSON, Judge, presiding.

J. A. McKENZIE, and J. J. TUNNICLIFF, for appellants.

E. P. WILLIAMS, and G. P. WILLIAMS, (FORREST F. COOKE, and H. B. WESNER, of counsel,) for appellees.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

This was a bill in chancery, filed by the appellants, Chauncey C. Biggerstaff, Mary Ramp and Julia E. Ramp, asking to have set aside three deeds made by their father, John J. Biggerstaff, to John Cranston Biggerstaff and Josephine M. Wesner, brother and sister of appellants and also children of John J. Biggerstaff. One of these deeds was executed November 14, 1892, to John Cranston Biggerstaff, conveying one hundred and eighty acres óf land, including the Biggerstaff homestead. The other two were executed on September 4, 1893, by the same grantor,—one to John C. Biggerstaff for the purpose of ratifying and affirming the deed last above mentioned, and the other, for an expressed consideration of one dollar and natural love and affection, conveying one hundred and sixty acres of land to the said daughter, Josephine M. Wesner. The effect of these deeds was to leave only eighty acres to be divided among appellants and Mrs. Wesner, which was attempted to be done by a will bearing date October 4, 1893, which was executed also by the grantor, John J. Biggerstaff, and after his death sought to be probated. The bill alleged mental incapacity on the part of the grantor, and that from the effects of disease his mind had become so far affected that he was not mentally capable of disposing of his property, either by sale or gift. An amendment to the bill alleged undue influence on the part of the defendants, John Cranston Biggerstaff and his sister, Mrs. Wesner, and alleged that the deeds were obtained in fraud of complainants' rights of inheritance.

The answer filed by appellees denied the material allegations of the bill, and upon a replication being filed the court ordered an issue out of chancery to be made as to the mental competency of the grantor, and a jury was impaneled to try the same. A large number of witnesses were examined, many of them near neighbors and ac-

quaintances of John J. Biggerstaff, who expressed the opinion that during the years 1892 and 1893, when the deeds in question were executed, the grantor was not mentally capable of transacting ordinary business or of making proper disposition of his property. On the contrary, an almost equally large number were called who expressed opinions the converse. It was apparent from the evidence of all of these witnesses that the grantor, John J. Biggerstaff, was in a poor condition of health and physically weak. He was afflicted with an infirmity which of itself had the effect of creating an appearance of idiocy or mental infirmity. It is also apparent from a careful reading of this record that the grantor was not at this time a man of strong mental powers. Many incidents and acts are detailed, and not denied, which would tend to establish the theory of mental weakness. We are not prepared to hold, however, nor to believe from this record, that this grantor was in such a state of mental weakness or imbecility as would avoid these deeds.

A holographic will of the grantor, John J. Biggerstaff, was offered in evidence, bearing date in 1889, which indicated that in the execution of the deed to his son Cranston he had carried out an intention which had long existed in his mind. By this will it appeared that on that date he had devised this identical land to his son. The appellees, brother and sister, were at the time of the execution of these deeds, and for some time before had been, residing in the old homestead with their father. What, if any, influence they might have had towards inducing him to execute these deeds is not known, but certainly the allegations of undue influence in the bill in this case are not sustained, as there is practically a total absence of any evidence showing undue or improper influence on the part of either of these appellees. Undue influence which will justify the setting aside of an executed deed must have been of such a nature as to deprive the grantor of his free agency, and thus to render his act more the

offspring of the will of another than of his own will. *Rutherford* v. *Morris,* 77 Ill. 397; *Burt* v. *Quisenberry,* 132 id. 385; *Francis* v. *Wilkinson,* 147 id. 370.

During the period of time about the date of the execution of these deeds the wife of the grantor and the mother of appellants and appellees was alive, and presumably knew her husband was making this disposition of his property. Other facts and circumstances tend to indicate that the grantor was carrying out an expressed intention by executing and delivering these deeds.

A review of all the evidence in this case would necessitate a discussion of the testimony of over fifty witnesses, and would serve no good purpose in explaining the conclusion which we have reached in the determination of this case. It is sufficient to say that the record has been carefully examined and all questions presented by counsel have been carefully considered. The case was apparently carefully tried, and extended over a period of a number of days, at the end of which time the jury returned a verdict finding that the first deed of September, 1892, to John Cranston Biggerstaff, was the deed of the grantor, John J. Biggerstaff, and finding also that at the time of the execution of the other two deeds the grantor did not possess sufficient mental capacity to make such conveyances. The trial court, upon motion, set aside the verdict of the jury and entered a decree in favor of defendants below and dismissed complainants' bill for want of equity. It is alleged that it was error in the trial court to do this, and also that the weight of the evidence is such that the verdict should have been permitted to stand. It was not, as a matter of law, error for the trial court to set aside the verdict and enter a decree contrary thereto. In cases where the statute requires an issue in chancery to be made up, to be tried by a jury, the verdict is not advisory, but is as conclusive as a verdict of a jury in an action at law. (*Meeker* v. *Meeker,* 75 Ill. 260; *Whipple* v. *Eddy,* 161 id. 114; *Lenning* v. *Lenning,* 176

.id. 180.) Where, however, the issue is not required by the statute to be submitted to a jury it is discretionary with the chancellor to reject the verdict and render a decree against their finding or grant a new trial, as he may believe justice requires. The chancellor in such case is the sole judge of the evidence, and the purpose is to inform his conscience, and is advisory, only. *Milk* v. *Moore*, 39 Ill. 584; *Guild* v. *Hull*, 127 id. 523; *Titcomb* v. *Vantyle*, 84 id. 371.

The evidence in this case was all heard in open court. The chancellor saw and heard the witnesses and their manner of testifying, and is the better judge of the weight to be given to the testimony of each. In a case of this character, where witnesses differ as to the mental capacity of the grantor and of his ability to legally transact business and to dispose of his property, the weight to be given to the testimony of witnesses is much more readily to be determined by a just chancellor than by a court of record, which reads only the written evidence. The law is well established in this State that where a cause is heard by the chancellor, and the evidence is all, or partly, oral, it must appear that there is clear and palpable error before a reversal will be had. (*Coari* v. *Olsen*, 91 Ill. 273; *Baker* v. *Rockabrand*, 118 id. 365; *Johnson* v. *Johnson*, 125 id. 510; *Ellis* v. *Ward*, 137 id. 509; *Allen* v. *Hickey*, 158 id. 362.) In a case of this character, where the issue is tried by the chancellor before a jury, and where the verdict of the jury is only advisory and may be set aside by the chancellor, the rule should be just as strong that clear and palpable error should appear before the decree should be reversed. A careful reading of this record does not convince us that there was such palpable error as would require a reversal of this decree or a submission of these issues to another jury, and for these reasons the decree of the circuit court is affirmed.          *Decree affirmed.*