## E. LOENNA ELMSTEDT

*v.*

## ALMA NICHOLSON *et al.*

*Opinion filed October 19, 1900.*

1. EVIDENCE—*when chancellor's finding against mental capacity will be sustained.* The chancellor's finding of want of mental capacity to execute a deed will not be set aside where it appears that the grantor was sixty-four years old, bed-ridden, and weak, physically and mentally, having been afflicted with paralysis for several years; that he died three days after executing the deed to the grantee, who was his third wife, and who urged the conveyance, sent for the notary and had the deed signed and ready for acknowledgment upon the notary's arrival.

2. JURISDICTION—*when equity has jurisdiction to set aside deeds.* An unauthorized conveyance of the testator's property by the executrix to herself clouds the title, and a court of equity may set the deeds aside and direct a conveyance of the property in accordance with the will, even though complainant's objections to the transfer by the executrix, filed in the probate court, remain undisposed of.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

This is a bill in chancery filed in the superior court of Cook county by the residuary legatees of John Elmstedt, deceased, alleging that John Elmstedt died in Cook county, Illinois, on the 10th day of January, 1895; that he left a last will and testament, bearing date April 16, 1894, which was admitted to probate in the probate court of Cook county on the 17th day of January, 1895, and which will contains the following provisions:

"2. *Second*—I give, devise and bequeath to my beloved wife, E. Loenna Elmstedt, the sum of ten thousand ($10,-000) dollars, and also the following described premises situate in the city of Chicago, county of Cook and State of Illinois, to-wit: Lots thirty-three (33), thirty-four (34), sixty-eight (68) and sixty-nine (69), in block four (4), in Hilliard & Dobbins' first addition to Washington Heights, as laid out on map or plat of subdivision recorded in the recorder's office of Cook county, aforesaid, in book 171 of maps, at page 74, and now occupied by me as a homestead, and also all my household furniture and furnishings thereto belonging, and to be hers absolutely, and to her heirs and assigns forever.

"5. *Fifth*—All the rest, remainder and residue of my property of which I shall die possessed, of every name and nature, both real and personal, I direct and it is my will shall as soon as the condition of my estate will warrant it, be converted into cash by my executrix, and the same and the proceeds thereof I give, devise and bequeath, one share to my brother Johnny N. Elmstedt, of Moline, Illinois; one share to my brother Peter Jonas Nelson, of Krusemalo, Province of Sweden; one share to my brother Nicolaus Nelson, of Yxanas, Province of Sweden; one share to my sister Mrs. Johanna Aaron, of Moline, Illinois, and one share to the legal heirs of my deceased sister, Mrs. Mary Peterson, late of Moline, Illinois, and to their heirs, share and share alike; the heirs of any of my deceased brothers or sisters to take by way

of representation the share of said deceased brother or sister, share and share alike.

"And I hereby appoint my said wife, E. Loenna Elmstedt, the executrix of this my last will and testament, and I hereby give my said executrix, or any person who may be appointed to execute this will, full power and authority to sell and convey any of my property of which I shall die possessed and to execute proper deeds of conveyance thereof, and to convert the same into cash, the same as I might do if I were living, and I hereby direct that no security shall be required of her as such executrix."

The bill also alleges that at the time John Elmstedt made his will he was seized of the following described real estate situate in Cook county, Illinois: Lots 33, 34, 35, 67, 68 and 69, in block 4, in Hilliard & Dobbins' first addition to Washington Heights; also, lots 36 and 66, and a strip of land twenty-five feet in width off of the north side of lots 37 and 65, in block 4, in Hilliard & Dobbins' first addition to Washington Heights; also, lots 67 and 68, in block 1, in the subdivision made by the Blue Island Land and Building Association known as Washington Heights, and that he owned the same at the time of his death; that John Elmstedt, prior to the time of his death, was mentally and physically weak, of unsound mind and memory, was in his dotage, and unable to comprehend, understand and appreciate the effect and significance of his acts, and was under the control and influence of his wife, E. Loenna Elmstedt, who conceived and devised the fraudulent, corrupt and evil purpose of obtaining for herself, by fraudulent and unlawful means, the title and ownership of all his real estate; that by reason of his mental and physical weakness and incapacity, and by means of artful and fraudulent practices, falsehoods and misrepresentations, she induced him, on the 7th day of January, 1895, when in mortal extremity and near to death, to sign and acknowledge a deed of conveyance con-

veying to her lots 33, 34, 35, 67, 68 and 69, in block 4, in Hilliard & Dobbins' first addition to Washington Heights; also, lots 67 and 68, in block 1, in the subdivision made by the Blue Island Building Association known as Washington Heights,—which deed she caused to be recorded in the office of the recorder of deeds of Cook county, Illinois; that on the 17th day of January, 1895, E. Loenna Elmstedt duly qualified as executrix of the last will and testament of John Elmstedt, deceased; that E. Loenna Elmstedt, on the 4th day of February, 1896, fraudulently, as executrix of John Elmstedt, deceased, executed and delivered to one John H. Ton a pretended deed of conveyance of lots 36 and 66, and a strip of land twenty-five feet in width off of the north side of lots 37 and 65, in block 4, Hilliard & Dobbins' first addition to Washington Heights; that on the 6th day of February 1896, the said John H. Ton and his wife executed and delivered to E. Loenna Elmstedt a quit-claim deed to the last described premises; that said deeds were acknowledged and delivered, and filed for record and recorded in the office of the recorder of deeds of Cook county, Illinois; that the same were without consideration, and were made in pursuance of the evil and fraudulent design of E. Loenna Elmstedt to obtain for herself the title to all the real estate of which John Elmstedt was seized and possessed; that on the 17th day of January, 1898, the probate court of Cook county removed E. Loenna Elmstedt as executrix of the last will and testament of John Elmstedt, deceased, and appointed the State Bank of Chicago administrator *cum testamento annexo de bonis non* of the estate of John Elmstedt, deceased, and that it is now acting as such administrator.

An answer denying the material allegations of the bill, and a replication thereto, having been filed, the cause was heard on the issues presented, the witnesses being examined orally in open court, and the court entered a decree canceling the deed from John Elmstedt to E. Loenna Elmstedt, the deeds from E. Loenna Elm-

stedt to John H. Ton and from John H. Ton and wife to E. Loenna Elmstedt, and authorizing and empowering the State Bank of Chicago, as administrator *cum testa-mento annexo de bonis non* of the estate of John Elmstedt, deceased, to sell all of said real estate (excepting lots 33, 34, 68 and 69, in block 4, in Hilliard & Dobbins' first addition to Washington Heights,) under and pursuant to the provisions of the last will and testament of John Elmstedt, deceased.

E. A. ABORN, for plaintiff in error.

DENEEN & HAMILL, for defendants in error.

Mr. JUSTICE HAND delivered the opinion of the court:

The first contention made by plaintiff in error is, that the evidence was not sufficient to justify the court in setting aside the deed from John Elmstedt to his wife on the ground of mental incapacity and undue influence. The evidence is voluminous and conflicting. The chancellor saw and heard the witnesses, knows their manner of testifying while on the stand, and is better qualified than we to judge of the weight to be given to their testimony. In chancery cases, where the evidence is conflicting and heard in open court, the error in finding as to fact should be clear and palpable to authorize a reversal. (*Coari* v. *Olsen*, 91 Ill. 273; *Johnson* v. *Johnson*, 125 id. 510; *Rackley* v. *Rackley*, 151 id. 332; *Kusch* v. *Kusch*, 143 id. 353; *Brown* v. *Stewart*, 159 id. 212.) We said in *Biggerstaff* v. *Biggerstaff*, 180 Ill. 407 (on p. 411): "In a case of this character, where witnesses differ as to the mental capacity of the grantor and of his ability to legally transact business and to dispose of his property, the weight to be given to the testimony of witnesses is much more readily to be determined by a just chancellor than by a court of review, which reads only the written evidence." Here the evidence showed John Elmstedt was sixty-four years old at the

time of his death; that he had been afflicted with paralysis for several years; that he was bed-ridden during the last weeks of his life; that he was very weak, physically and mentally, and that he died within three days of the time at which he executed to his wife this deed; that she was his third wife; that she urged him to convey to her his property; that she sent for the notary and had the deed signed and ready for acknowledgment when he arrived. We will not comment upon these facts further than to say that in our opinion they fully sustain the decree.

It is further contended that there was a want of jurisdiction in the superior court to set aside the deeds from plaintiff in error to Ton and from Ton and wife to plaintiff in error. After these deeds were made, plaintiff in error, as executrix, reported such conveyances to the probate court of Cook county, and charged herself with the sum of $600 in her account, as the proceeds received from the sale of these lots. Defendants in error filed objections thereto, which remain undisposed of, and for that reason it is assumed the probate court, and not the superior court, has jurisdiction of the subject matter. The transfer of these lots under the circumstances was a transfer by the executrix to herself, and not binding in equity upon defendants in error. The effect of such transfer was to cloud the title to these lots. A court of chancery has jurisdiction to remove such cloud. It was not error, therefore, for the superior court to set aside such conveyances as a cloud upon the title to the lots, and to authorize the then acting administrator to sell the same and distribute the proceeds thereof according to the terms of the will of John Elmstedt, deceased.

The decree of the superior court will be affirmed.

*Decree affirmed.*