## THE GARDEN CITY SAND COMPANY

*v.*

### EDWARD H. GETTINS.

*Opinion filed December 16, 1902.*

APPEALS AND ERRORS—*error in chancellor's finding of fact must be palpable to authorize a reversal.* Error in the chancellor's finding as to facts from conflicting testimony heard in open court must be palpable to authorize a reversal.

*Garden City Sand Co.* v. *Gettins,* 102 Ill. App. 261, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

EDWIN C. CRAWFORD, for appellant.

NICHOLAS BRISTOW, (L. P. WILCOX, and N. F. OLSON, of counsel,) for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

The appellant filed a petition against the appellee in the superior court of Cook county for a writ of *ne exeat republica,* alleging that the defendant was indebted to the complainant in the sum of $2944.27, and that he had in his possession a sum of money sufficient to pay said debt and all other debts due from him, and that he had no property other than said money, and that he was about to depart from this State and to remain without the State, and to take said money with him, with intent to defraud the complainant. The defendant filed an answer denying that he was indebted to the complainant, and that he was about to leave the State and remain out of the State with the intent to defraud the complainant. The case was tried in open court and a decree entered dismissing the petition and quashing the writ, which decree

has been affirmed by the Appellate Court, and a further appeal has been prosecuted to this court.

The only questions raised on this record by the appellant are questions of fact. The evidence of the defendant showed that he was a bankrupt, and that his wife was engaged in putting in cement walks, basements, etc., in the city of Chicago, and that he was her manager; that the appellant had notice of such relation, and that the indebtedness to the appellant was for materials used in the business of his wife, and were sold to her and charged to her upon the books of the appellant; that his wife was in poor health and was in the State of California temporarily, and that he was at the time of his arrest about to visit her, but that he did not expect to be away from Chicago to exceed six weeks, and denied that he intended to defraud the appellant. The chancellor heard the testimony of appellee and that of the witnesses for appellant, and from an examination of this record we think was justified in finding that the credit was extended to the wife, and not to the appellee. At least it cannot be said that the court committed manifest error in so holding. In *Elmstedt* v. *Nicholson*, 186 Ill. 580, we say (p. 584): "In chancery cases, where the evidence is conflicting and heard in open court, the error in finding as to fact should be clear and palpable to authorize a reversal.—*Coari* v. *Olsen*, 91 Ill. 273; *Johnson* v. *Johnson*, 125 id. 510; *Rackley* v. *Rackley*, 151 id. 332; *Kusch* v. *Kusch*, 143 id. 353; *Brown* v. *Stewart*, 159 id. 212." If the appellee was not indebted to the appellant the court did not err in dismissing the petition and quashing the writ. ·

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*