## John F. Golden v. City of Toluca.

1. CITY COUNCIL—*Mayor Must Preside When He is Present.*—The law of this state provides that the mayor,when present, shall preside at all meetings of the city council.
2. SAME—*Party Not a Member Can Not Preside.*—The functions of

the presiding officer are as official as any part of the meeting of the board and can not be exercised by one who is not a member.

3. SAME—*Council and Mayor Must Act in Conjunction.*—Where the charter vests the affairs of a city in the hands of the mayor and councilmen, the city council has no power except to act in conjunction with the mayor.

Assumpsit.—Error in the Circuit Court of Marshall County; the Hon. NICHOLAS E. WORTHINGTON, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed January 27, 1903. Rehearing denied April 10, 1903.

BARNES & MAGOON, attorneys for plaintiff in error.

H. D. ROE, city attorney, for defendant in error; QUINN & QUINN, of counsel.

The mayor and aldermen being the council, must act together; the aldermen have no power except to act in conjunction with the mayor. Saxton v. Beach, 50 Mo. 488; Raleigh v. Sorrell, 1 Jones (N. Car. Law), 49.

The council can not transfer its legislative powers to mere executive officers. City of Chicago v. Trotter, 136 Ill. 430, and cases cited.

No person not a member of the city council has a right to participate in its deliberations. State ex rel. Southey v. Lashar, 71 Conn. 540; same case, 44 L. R. A. 197.

Neither city clerk nor aldermen can contract a liability for the city. Cooley on Const. Law, 204; Naegle v. City of Centralia, 81 Ill. App. 334, and cases cited.

MR. JUSTICE HIGBEE delivered the opinion of the court.

It appears from the evidence in this case that John F. Golden, an attorney residing in the city of Toluca, Illinois, was interviewed by three of the aldermen of the city, and a few days later by these same three and another one, who asked him what his charges for services in revising the city ordinances would be, in case the city decided to have the work done. On each occasion he told the aldermen he could not say, but from what he knew of the condition of the city records, he could not do the work for less than $250. At a meeting of the city council held July 8, 1901,

Golden v. City of Toluca.

with the mayor presiding, a motion was adopted "that the ordinances be revised." It was then moved by Alderman Slatterly and seconded by Alderman Klinger "that John F. Golden be employed to revise the ordinances of the city of Toluca." The mayor, however, refused to put the motion, whereupon the city clerk, at the request of Alderman Klinger, put the same, and the result was four votes in favor of the motion and two against it. The council afterward adjourned to July 15th. The minutes of the proceedings, signed by the mayor and clerk, show the above facts and also state that the motion was carried. The council met on July 15th, to which time it had been adjourned, but no mention of the proceedings of the above meeting appears from the minutes to have been made at that time. On August 6, 1901, the council again met and the minutes of the previous meeting were read and approved. On July 8th, immediately after the meeting, the city clerk told Golden that he had been employed to revise the ordinances of the city, and he also received like information from Alderman Klinger. Golden thereupon examined the records of the proceedings of the city council to see what had taken place in reference to his employment, and then proceeded to revise the ordinances. He revised and prepared some forty ordinances in all, completing the work the following November. He then delivered the ordinances as revised to the city clerk, who took them to the council and tried to read them, but the mayor ruled the clerk out of order and none of the ordinances as revised have ever been read to the council. Golden brought suit for his services in the Circuit Court and was there defeated. He brings the case here by writ of error.

The first question presented for our consideration is whether the motion for the employment of Golden to revise the ordinances, was legally adopted at the meeting of July 8, 1901. The law of this state provides that the city council shall consist of the mayor and aldermen; that the mayor shall preside at all meetings of the city council, and that in his absence the council may elect a temporary

chairman. There is no provision of the law that any one else may preside when the mayor is present. " The functions of the presiding officer are as official as any part of the meeting of the board and can not be exercised by one who is not a member." 1 Beach on Public Corporations, Sec. 293. The motion upon which plaintiff in error relies was put, not by the mayor, but by the clerk, who was not a member of the council, who usurped for the time being, the functions of the mayor. In the case of The People v. Mount, 186 Ill. 580, the following language is used :

" Dillon in his work on Municipal Corporations (Vol. 1, 4th Ed., Sec. 273,) says : 'Where the power to legislate for the corporation is vested in the mayor and councilmen,' the council by itself can not legislate, but must act in conjunction with the mayor. In deciding the point the court observes : 'If a simple resolution (instead of an ordinance) would be sufficient, yet, before it would have any validity, it would necessarily have to be signed by the mayor as a part of the law-making power; the co-ordinate action of both is required.' (Saxton v. Beach, 50 Mo. 488; Saxton v. St. Joseph, 60 Id. 153; 1 Dillon on Munic. Corp., 4th Ed., Sec. 271.) 'Where the charter vests the affairs of a city in the hands of the mayor and councilmen, the city council has no power except to act in conjunction with the mayor.' "

The mayor, however, did not put the motion upon which Golden relies for his employment and in effect was not then presiding; therefore the aldermen were not at the time acting in conjunction with the mayor, and consequently had no power to adopt the motion or resolution. It may be, as claimed by plaintiff in error, and as is apparently shown by the minutes of the meeting of July 8th, that a majority of the aldermen were in favor of the motion, but that could not make the action of the aldermen in substituting the clerk for presiding officer in place of the mayor, during the attempted passage of the motion, a valid act. If the mayor was, in the opinion of the majority of the council, guilty of a palpable omission of duty in refusing to put the motion, there was a way to correct the wrong and prevent its occurrence thereafter; but such wrong, if there was any, could not be corrected by the

Tri-City Ry. Co. v. Brennan.

council by usurping the functions of the mayor's office, or attempting to act without him in a matter which could only be legally accomplished by the act of the aldermen in conjunction with the mayor.

We are therefore of opinion that the motion or resolution providing for the appointment of plaintiff in error, was not legally adopted. It is claimed, however, by plaintiff in error, that the minutes of the meeting of July 8th were afterward approved by the council, and that thereby the resolution for his employment was ratified. The next meeting after the one in question was that of July 15th, but at that meeting no steps were taken to approve the minutes of the meeting of July 8th. The minutes of the meeting of August 6th did show the approval of the minutes of the previous meeting, but as a meeting had intervened between the one held on July 8th, and the meeting of August 6th, we conclude that the minutes approved were those of the intervening meeting.

The suggestion of plaintiff in error that the city is estopped from questioning the contract of employment because it has received the benefit of his work, is without force for the reason that the city council has refused to receive the revised ordinances, and consequently the city has never received any benefit from the work performed by him.

We are therefore of opinion that the record in this case fails to show any legal obligation on the part of the city to plaintiff in error for the services claimed by him to have been rendered to it, and the judgment of the court below is accordingly affirmed.