### James Burwell v. W. L. Nance et al.

1. CHANCELLOR—*weight given to findings of fact by.* Findings of fact made by a chancellor who has seen and heard the witnesses will not be set aside, unless clear and palpable error has been committed.
RAMSAY, J., dissenting.

Burwell v. Nance.

Bill for injunction.   Appeal from the Circuit Court of Shelby County; the Hon. TRUMAN E. AMES, Judge, presiding.   Heard in this court at the November term, 1905.   Affirmed.   Opinion filed February 1, 1906.

R. M. PEADRO, for appellant; RICHARDSON & WHITAKER, of counsel.

WALTER C. HEADEN, for appellee, Isham K. Story.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

On June 10, 1901, appellee obtained a judgment for $100 and costs against appellant before appellee Nance, a justice of the peace.   The case next appeared on the docket of the County Court of Shelby County at the July term, 1901, on an appeal· by Burwell, at which term the appeal was dismissed and writ of *procedendo* ordered.   On August 20th, following, the present bill was filed by appellant in the Circuit Court of Shelby County.   Said bill sets forth the rendition of the judgment by the justice, and avers that on June 18th Burwell took an appeal to the Circuit Court and filed his appeal bond with the justice accordingly; that Nance, the justice of the peace, fraudulently changed said appeal bond, or negligently permitted Story to change it, so as to make the appeal to the County Court, instead of the Circuit Court; that the change was made without the knowledge or consent of complainant and after it had been approved by and filed with the justice of the peace; that said Nance and Story fraudulently caused the bond so altered and changed to be filed in the County Court; that Story, by his attorney, fraudulently appeared at the July term of the County Court and had the appeal dismissed; and prays that the defendants be restrained from issuing an execution on said judgment.

By their answer to said bill, which is under oath, the defendants admit the obtaining of the judgment by Story for $100, but aver that the appeal bond was made to the County Court instead of the Circuit Court; defendant Nance, for himself, says, that he did not fraudulently or in any manner change said bond, after the same was written and

signed, nor did he permit or have any knowledge that Story or any person changed said bond at any time or in any manner; both defendants deny that they fraudulently or otherwise, after said bond had been changed as alleged, caused the same to be filed in said County Court, and defendant Story denies that he, by attorney, fraudulently appeared in said County Court and had said appeal dismissed; both defendants deny any and all fraud as charged in the bill and submit the transcript of said justice, which shows said appeal was to said County Court.

A temporary injunction was issued in accordance with the prayer of the bill, but on final hearing the court dissolved the same and dismissed the bill, to reverse which decree this appeal has been taken.

The burden of proving the averments of the bill was upon the complainant. The evidence in the record is exceedingly close and in sharp conflict. Nance who was called as a witness in behalf of appellant admitted that he changed the appeal bond as charged in the bill. He states, however, that he did it at the suggestion of Story who assured him that he had the right to make the change. Story, on the contrary, denies explicitly that he had anything to do with the alteration or that he knew the same was made until the present bill was filed. The testimony of Nance is in direct contradiction of his answer under oath, and utterly inconsistent therewith. He attempts to explain the inconsistency by testifying that while he signed the answer, the same was never read to him, nor did he know its contents, nor was any oath administered to him. The evidence of the notary public whose name is attached to the jurat and of another, is to the effect that the answer in question was read to Nance and that he signed and made affidavit as to the truth of its contents.

While there are other facts and circumstances in evidence which tend to corroborate Nance we cannot say that the chancellor was unwarranted in believing Story and disbelieving Nance. If the testimony of Story was true, the decree dismissing the bill was proper. As is said in Elm-

sted v. Nicholson, 186 Ill. 580: "The chancellor saw and heard the witnesses, knows their manner of testifying while on the stand, and is better qualified than we to judge of the weight to be given their testimony. In chancery cases where the evidence is conflicting and heard in open court, the error in finding as to fact should be clear and palpable to authorize a reversal." Van Vleet v. DeWitt, 200 Ill. 153.

The decree of the Circuit Court is affirmed.

*Affirmed.*

Mr. Justice RAMSAY, dissenting.