# JOHN M. WILSON *et ux.*

*v.*

# ARCHIBALD SPRING.

1. CHANCERY PRACTICE—*hearing without answer, by consent.* It is error to render a final decree upon a bill in chancery and proofs, without first compelling an answer, or defaulting the defendants and taking the bill as confessed. But the parties may, by agreement, proceed to a hearing on the bill, exhibits and proofs, without an answer or decree *pro confesso,* and the decree, if sustained by the evidence, will not be disturbed on error.

2. DECREE—*whether for too large a sum.* In this case, the decree for the foreclosure of a mortgage found a greater sum to be due the complainant than the amount then due of principal and interest in the note, but the bill claimed for moneys advanced to redeem the premises from sale for taxes, which the mortgagors ought to have paid, without stating the amount of such payment; nor did the amount appear in the record. The decree recited that defendant's attorneys admitted on the hearing that such sum was due: *Held,* from such admission, that it would be presumed that the item of redemption and costs included in the decree, made up the amount of such excess, and therefore there was no error in this respect.

3. ATTORNEY AND SOLICITOR—*power to bind client by his admissions.* A solicitor, regularly retained by the defendants in a suit to foreclose a mortgage given by them, has the power, on the hearing of the cause, to make admissions as to the sum due from his clients, which will be binding on them.

4. An attorney or solicitor retained in a case, from the nature of the employment, may, on the trial or hearing of the cause, make admissions and waive rights of his client, which will be as binding as if made by himself, in the absence of fraudulent collusion with the other party.

5. The rule is the same when the client is a *feme covert.* When she commits her rights to an attorney, he will be held to have power to do the same acts at the trial which she could perform in person.

6. SAME—*relief against acts of—when allowed.* If the atttorney acts wrongfully, he will be liable to his client for the injury sustained, but equity will not relieve against his acts unless fraud is shown between him and the opposite party, or when the attorney is not responsible.

7. FORECLOSURE *of mortgage—parties—mortgagee having transferred the debt.* A bill to foreclose a mortgage by the assignee of the note secured, failed to make the mortgagee, who had parted with all interest in the note, a party defendant: *Held,* that he was not a necessary party. But when

he was invested with a power of sale as a trustee, it seems that, if the bill had sought his removal for refusal to act, he would have been a necessary party.

8. POWER OF SALE *in mortgage—who must execute.* Where a mortgage gave the mortgagee power to sell the mortgaged premises on default of payment, and the mortgagee parted with all his interest in the note secured, by assignment: *Held,* that the law would not confer the power of sale on the assignee, but that it still remained with the mortgagee.

WRIT OF ERROR to the Circuit Court of Richland county; the Hon. R. S. CANBY, Judge, presiding.

Mr. B. B. SMITH, for the plaintiffs in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a bill in equity, filed by defendant in error in the Richland circuit court, against plaintiffs in error, to compel the sale of lands conveyed in trust to secure a promissory note, with its accruing interest. The bill alleges that John M. Wilson executed his promissory note for $1600 to Henry Spring, due in twelve months, drawing ten per cent interest per annum, and dated on the 23d of February, 1866; that plaintiffs in error, to secure the payment of the note, executed a deed of trust on lands described therein, to Spring, with a power to sell the lands if default in payment should be made. It is alleged that the note was given for the purchase money of the real estate described in the deed, and that the grantors relinquished all right to claim the benefit of the homestead law; that Henry Spring, on the first of October, 1866, assigned the note to complainant; that the money remains due and unpaid; that the legal estate is vested in Henry Spring; that payment was demanded after the maturity of the note, but was refused; that, on request, the trustee refused to sell the property; that plaintiffs in error refused to pay the taxes on the property, and defendant in error was compelled to redeem from a tax sale, which sum has not been

refunded to him. Complainant prays an answer, that an account be taken, and the premises be sold to pay the amount due complainant.

No answer was filed, but the record shows that the parties appeared by their respective solicitors and a trial was had on the bill, exhibits, note and trust deed and oral proofs, and the parties agreed that the allegations of the bill were true as therein stated, and that the equity of the case was with complainant, and that there was then due complainant, as principal, interest, costs and taxes, the sum of $2382.66, and thereupon the court decreed the payment of that sum within thirty days, and in default thereof that the premises be sold, and that complainant be allowed to purchase; and Henry Spring, as trustee and special commissioner, was appointed by the decree to make the sale, after giving notice, and on complying with the requirements of the decree, and to give a certificate of purchase to the person becoming the purchaser. The record is brought to this court on error, and a reversal is asked on several grounds: First, because there was no answer filed, and no default or *pro confesso* order entered in the case. Second, because the decree is for too large a sum. Third, that Henry Spring was not before the court as a party, and the court had no jurisdiction.

We shall consider the last question first. It is admitted that the allegations of the bill are true. If so, then defendant in error was the owner of the note; the money was due to him; he had an equitable lien on the property for the payment of the money, and the trustee named in the deed refused to sell the land to enforce the lien and obtain the money for the payment of the debt. It is not denied that the trustee had power to sell, nor is it claimed that the assignee of the notes had such power, and whether he had or not is not material, as that question was not raised by the pleadings, nor is it urged in this court. Equity has jurisdiction of all trust funds of this character, and we can see no error in the court below requiring it to be sold, especially as no objection was

interposed that the trust could be otherwise executed. Such a sale was authorized in the case of *Sargent* v. *Howe,* 21 Ill. 148. If it were not so, there might, in many cases, be a total failure of justice.

Was the decree for too large a sum? It seems to be about $196 larger than the principal and interest due at the date of the decree. But the bill alleges that defendant in error had paid out a sum of money for the redemption of the premises from a sale for taxes, but the amount is not stated in the bill, nor does it appear in the record; and the decree recites that it embraces costs, and it may be, and no doubt is true, that these items, with interest, make the amount of the decree when added to the note and interest. We must presume it does, as the attorney for plaintiffs in error admitted on the hearing that sum was due.

There was manifest error in not compelling an answer, or in not defaulting the defendants and taking the bill as confessed, unless the necessity for such proceedings became unnecessary by reason of the cause coming on to a hearing by consent of the solicitors of both parties. We have no doubt that an answer may be dispensed with by an agreement of the parties, and a defendant may, by agreement, waive the necessity of a default and an order *pro confesso.* In other words the parties may, by agreement, proceed to a hearing on the bill, exhibits and proofs, as was done in this case, without an answer, and the decree, if warranted by the evidence, would be binding. The practice is loose and irregular, but the waiver is within the limits of the power of the parties to the suit.

The evidence failing to sustain the decree in the sum found by the court, is it sustained by the admission by the solicitor of plaintiffs in error, on the trial, that there was due complainant the sum decreed? It is not denied that the solicitor was regularly retained and fully empowered to act in the case, and in this proceeding, having so acted, we must presume that it was by an authority, and it is binding to the extent that the

2—64TH ILL.

law permits an attorney to act for his client. It has, so far as we are aware, never been contested that an attorney retained in a case may, on the trial, make admissions and waive rights of his client, which will be as binding as if made by himself. This is necessary from the very nature of the employment. If wrongfully made, he is liable to his client for the injury he sustains thereby.

It has been held that, if an attorney appear for a defendant, whether service has been had or not, without his authority, and confesses judgment or lets it go by default, the judgment is regular and will not be set aside, but the attorney is liable to an action. *Denton* v. *Noyes,* 6 J. R. 296. But if there was fraud between the attorney and the opposite party, or if the attorney is not responsible, the court will relieve against the judgment.

It has been repeatedly held that an attorney may admit facts on the trial, or, in pleading, waive a right of appeal, review, notice, etc., and confess a judgment. *Talbot* v. *McGee,* 4 Monr. 377 ; *Pike* v. *Emerson,* 5 N. H. 393 ; *Alton* v. *Gilmanton,* 2 ib. 520.

In the case of *Herbert* v. *Alexander,* 2 Call,Va. R. 498, it was held that an attorney represents his client, and in court may do such acts as his client might do himself.

In the case of *Pierce* v. *Perkins,* 2 Dev. Ch. 250, it was held that a party, after decree, can not dispute the authority of his attorney to bind him by any agreement made in conducting and determining the suit.

In *Smith* v. *Bassard,* 2 McC. Ch. 406, it was held the attorney might bind the client by referring the matter in dispute to accountants without the knowledge of his client, and his assent to their report will be binding.

From these adjudged cases, as well as upon principle, it is apparent that such admissions as were made on the trial in this case must bind the party unless fraudulently and collusively made. Nor can it matter that one of the parties is a *feme covert.* Having committed her rights to an attorney, he

must be held to have power to do the same acts on the trial which she could perform in person, and no one can controvert her power to admit that a particular sum was due on a mortgage executed by her, so as to be binding.

We perceive no force in the objection that Henry Spring was not a party to the suit. He had assigned all of his interest in the debt to defendant in error, and hence was not a necessary party. The bill treated the deed of trust as a mortgage, and only referred to the power of the trustee to sell and his refusal to execute the trust, for the purpose of showing that his only remedy was in a court of equity. Had the bill asked his removal, then it might be that he would have been a necessary party, but it was only to compel a sale of the property. And the decree having properly appointed him a special commissioner to make the sale, he is only required to do what was required by the deed of trust.

On this entire record we perceive no error, and the decree of the court below must be affirmed.

*Decree affirmed.*