Warren Lawrence, Administrator of the Estate of William D. Lawrence, Deceased, v. John A. Coddington.

1. CONTRACTS—*Compromise of Claims Sufficient Consideration.*— A compromise of doubtful and conflicting claims is a sufficient consideration for a promise voluntarily made and not induced by fraud, and it is not material to determine whether such claim was legal or otherwise.

Memorandum.—Assumpsit. Appeal from the Circuit Court of Mason County; the Hon. GEORGE W. HERDMAN, Judge, presiding. Heard in this court at the May term, 1893, and affirmed. Opinion filed October 28, 1893.

The opinion states the case.

APPELLANT'S BRIEF, H. W. MASTERS, ATTORNEY.

An agreement is void as against public policy, which provides that one who is bound to give his best judgment upon a question in which parties adversely interested are concerned, and who is not the agent of either, shall be paid for his services in proportion to the amount recovered by one from the other. Thomas v. Caulkett, 57 Mich. 392.

A promise to pay for services to be rendered in procuring a wife for one, is void. Johnson v. Hunt, 81 Ky. 321.

A contract for the sale of domestic sardines, to be put up with labels representing the sardines as foreign, is against public policy. Materne v. Horwitz, 101 N. Y. 469.

An agreement whose object is to induce any officer of the State to act partially or corruptly, is void, and any agreement which has a tendency that way is void. Lucas v. Allen, 80 Ky. 681; O'Hara v. Carpenter, 23 Mich. 410; Caton v. Stewart, 76 N. C. 357.

It is held that agreements for pay, to procure by personal influence contracts from the government, or with a foreign country, are against public policy, and void. Tool Co. v. Norris, 2 Wall. (U. S.) 45.

An agreement contemplating the use of underhand means to influence legislation is void. Mills v. Mills, 40 N. Y. 543; Frost v. Belmont, 6 Allen (Mass.) 152.

A promise to pay for services rendered in canvassing for election to an office, is held to be void. Keating v. Hyde, 23 Mo. App. 555.

A contract to abandon the prosecution of proceedings for the establishment of a public highway, for a money consideration, is void. Jacobs v. Tobiason, 65 Iowa 245; Gray v. McReynolds, 65 Iowa 461.

If the party knows or ought to know that he has no claim, there can be no consideration for a promise to pay. Pitkin v. Noyes, 47 N. H. 294; McKinley v. Watkins, 13 Ill. 140; Headley v. Hockley, 50 Mich. 43; Ormsbee v. Howe, 54 Vt. 182; Feeter v. Weber, 78 N. Y. 334.

A promise not to prosecute a demand which has no existence in law or fact is no consideration. Mulholland v. Bartlett, 74 Ill. 58; Cline v. Templeton, 78 Ky. 550; Kidder v. Blake, 45 N. H. 530; Long v. Towl, 42 Mo. 545; Gunning v. Royal, 59 Miss. 45.


APPELLEE'S BRIEF, WALLACE & LACEY, ATTORNEYS.

An agreement entered into upon a supposition of a right, or of a doubtful right, though it afterward comes out that the right was on the other side, shall be binding and the right shall not prevail against the agreement of the parties; for the right must always be on the one side or the other, and therefore a compromise of a doubtful right is a sufficient foundation of an agreement. Stapelton v. Stapelton, 1

Atkyns, 12, cited with approval in Honeyman v. Jarvis, 79 Ill. 318.

The waiver of any legal right, although it may be founded upon a tort, at the request of another, has always been deemed a sufficient consideration for a promise. Miller v. Hawkes, 66 Ill. 185.

Forbearance to file a *bona fide*, though invalid, claim, is a good consideration for a promise. Hewitt v. Curry, 63 Wis. 386.

A compromise of a disputed claim or the discontinuance of a suit already brought may uphold a promise, although the demand was unfounded. Bank v. Geary, 5 Pet. (U. S.) 98.

It has long been a settled principle that a voluntary compromise or settlement of doubtful and conflicting claims will not be set aside or disturbed in the courts merely because the parties may have acted under a mistake as to law. It rests on the sound basis that there can be no certainty or security in affairs unless every person is supposed to know the law, and that to overhaul a settlement of doubtful and conflicting claims, voluntarily made, with full knowledge of the facts, on the ground of misapprehension of the law, would open the door to endless litigation. Stron v. Mitchell, 45 Ill. 213.

The waiver of any legal right is a sufficient consideration. Vogel v. Meyer, 23 Mo. App. 427; Conrad v. La Rue, 52 Mich. 83; Robertson v. March, 3 Scam. 198; Roberts v. Cobb, 103 N. Y. 600; Palton v. Hassinger, 69 Penn. 311.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

The appellee recovered a judgment against appellant as administrator, upon the promise of the deceased to pay the appellee the sum of $250 for the alleged consideration of dismissing certain legal proceedings, and to settle all further litigation between the parties in regard to the subject-matter in dispute.

The sole question is as to the validity of the consideration for the promise.

Sarah Alwood was the owner of 640 acres of land which she conveyed to her sister, Esther Phillips. The latter afterward died, leaving a will, by which she devised a part of this land to Wm. D. Lawrence, the appellant's intestate. The appellee, who was a relative of these sisters, caused proceedings to be instituted to appoint a conservator for Miss Alwood, on the ground of her alleged mental incapacity to manage her business affairs, and was threatening to attack the conveyance made by her to her sister. He also claimed that these women were each indebted to him for services rendered in taking care of them and in looking after their affairs. To procure a dismissal of the proceedings commenced and of those threatened, and thus to settle further litigation which might result in depriving him of the land devised to him by the will of Esther Phillips, Lawrence promised to pay appellee the sum herein recovered. As a relative of Sarah Alwood, the appellee had a right to institute the proceedings for a conservator. If he was also her creditor, he had a right in that capacity. As a near relative he had a strong incentive to set aside the conveyance to Mrs. Phillips if it could be done.

When he waived these rights and agreed to make no further trouble and to interfere no further with the position of Lawrence as a devisee, he did nothing contrary to public policy. It may be assumed that he acted in good faith and was not guilty of a mere pretense to extort money from the devisee.

It is not material to determine whether there was a valid legal claim, for a compromise of doubtful and conflicting claims is a sufficient consideration for a promise voluntarily made and not induced by fraud. We find no occasion to interfere, and the judgment will be affirmed.