312     APPELLATE COURTS OF ILLINOIS.

VOL. 110.] Grand Lodge Ind. Order of Free Sons of Israel v. Ohnstein.

## Grand Lodge, Independent Order of Free Sons of Israel, v. Hannah Ohnstein.

1. PRACTICE—*Proper Basis of an Amendment of the Record Nunc Pro Tunc.*—An amendment of the record *nunc pro tunc* must be based upon some official or quasi-official note or memorandum or memorial paper remaining in the files of the case or upon the records of the court, and a fact proposed to be incorporated into a record to supply an omission can not rest in the recollection of the judge or other person, or be based upon *ex parte* affidavits or testimony after the event has transpired.

2. SAME—*Stenographic Notes of Reporter Not Such a Note or Memorandum as the Law Contemplates.*—The stenographic notes of a shorthand reporter are not such a memorial paper, note or memorandum as the law contemplates shall be used as a basis from which to make an order amending a record *nunc pro tunc.*

3. PLEADING—*Allegations Not Traversed Are Admitted.*—A party by not traversing an allegation in a pleading thereby admits it.

4. SAME—*Dilatory Pleas Must be Urged at First Opportunity.*—Pleas which are merely dilatory and do not go to the merits of the case must be urged at the first opportunity.

5. CONTRACT—*Dismissal of a Suit is a Sufficient Consideration.*—The dismissal of a suit is a sufficient consideration for a promise even where the result of the suit is doubtful.

6. ATTORNEY AND CLIENT—*Power of Attorney in Management of Suit.*—An attorney has power to promise an opposite party to pay her the amount of her claim in consideration of her dismissal of her suit and such promise is binding upon his client.

7. APPELLATE COURT PRACTICE—*Where it Does Not Appear from the Bill of Exceptions that it Contains All the Evidence.*—Where it does not appear from the bill of exceptions that it contains all the evidence, the court will not consider the evidence for the purpose of determining whether it supports the verdict, but will presume that there was sufficient evidence to support it.

Assumpsit, on a beneficiary certificate. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed November 12, 1903. Rehearing denied November 23, 1903.

HENRY R. PLATT and CHARLES R. HOLDEN, attorneys for appellant; SAMUEL ALSCHULER, of counsel.

MOSES, ROSENTHAL & KENNEDY, attorneys for appellee.

Grand Lodge Ind. Order of Free Sons of Israel v. Ohnstein.

Mr. Presiding Justice Adams delivered the opinion of the court.

The original transcript of record in this case was filed October 8, 1902. January 22, 1903, the appellant, by leave of the court, filed an additional transcript of the record. February 9, 1903, appellee, by like leave, filed an additional transcript, and February 13, 1903, moved to strike from and disregard certain portions of the transcript filed by appellant January 22, 1903. This motion was reserved to the hearing. The additional transcript filed by appellant purports to be an amendment of the bill of exceptions contained in the original transcript filed here October 8, 1902. It appears from the bill of exceptions contained in the original transcript, that a number of documents offered by appellee were admitted in evidence by the court, but are not contained in the bill of exceptions. After the recital in the original bill of exceptions of the admission of a document such words as these appear: "Said document was marked Exhibit A. It is in words and figures as follows, to wit:" or, "The papers are in words and figures as follows, to wit:" or other like reference; but the documents are not copied into the bill of exceptions. Appellant's additional transcript purports, by amendment, to supply these omissions in the original bill of exceptions. The case was tried at the May term of the court, 1901, and the order allowing the amendments was made January 15, 1903. The order is as follows:

"This cause coming on again this day to be heard, upon the motion of the defendant's attorney to amend the bill of exceptions herein, and after notice duly given to the plaintiff, and all the parties being in court, and after a careful examination by the Honorable R. W. Clifford, judge thereof, of the stenographer's transcript of the evidence heretofore filed herein and made a part of the records of this case by the bill of exceptions heretofore filed herein, and on the inspection of various papers and records now here produced before the court and identified by the court as the various papers and exhibits introduced in evidence in said cause and referred to in the bill of exceptions herein heretofore signed and sealed; to wit, on the 18th day of September, A. D.

314    APPELLATE COURTS OF ILLINOIS.

VOL. 110.] Grand Lodge Ind. Order of Free Sons of Israel v. Ohnstein.

1902, and the affidavit of the stenographer who took notes of the evidence offered, introduced, and rejected or admitted, who identified certain documents and records as being the original documents and records; and the court being fully advised in the premises doth find that said records, and especially the said bill of exceptions and the identification marks and affidavit of said stenographer, A. M. Griffen, produced before the court here by said defendant's attorneys, show and indicate and are sufficient memoranda and notes from which the court may find, and the court doth find, that said exhibits referred to in the motion of the defendant, and in said affidavit of said stenographer, and copies of which are set out in the bill of exceptions hereinafter specified, are the original exhibits offered at the hearing of said cause and referred to in said bill of exceptions, and that the same were omitted from and do not appear in said bill of exceptions heretofore filed herein.

And the defendant having presented such amendment to said bill of exceptions here now to this court, and the same having been settled, signed and sealed by this court,

It is ordered that the defendant have leave to file the same *nunc pro tunc* as of the 18th day of September, A. D. 1902, as an amendment of said bill of exceptions heretofore filed herein, and that said bill of exceptions be, and the same is hereby so amended."

Appellee's attorney objected to the amendments shown by appellant's supplemental bill of exceptions, but the objections were overruled by the court, and the court allowed to appellee a bill of exceptions, the certificate to which is as follows:

" And the court certifies that he thereupon allowed said supplemental affidavit of said Alonzo M. Griffen to be read and filed, and considered the same upon the hearing of said motion.

And the court certifies that the foregoing were all the affidavits and evidence, oral or documentary, offered or introduced by the parties, or considered by the court upon the hearing of said motion of said defendant.

The court further certifies that at the time of the hearing of the above entitled cause before him, upon the 28th and 29th days of May, 1901, the branch of the court presided over by the Hon. Richard W. Clifford did not have any official stenographer acting in the said court, nor had

any official stenographer been appointed in his branch of said court, under or in pursuance of the terms of an act entitled ' An act to authorize the judges of the Circuit Courts to appoint shorthand reporters for the taking and preservation of evidence and to provide for their compensation,' approved May 31, 1887.

The court further certifies that counsel for plaintiff then and there objected to the granting of said motion of said defendant, and to the settling and signing of an amended and supplemental bill of exceptions in said cause by the court, as to any or either of exhibits omitted from the original bill of exceptions filed in said cause, on the grounds that said court had no jurisdiction or power to so settle and sign an amended bill of exceptions therein; that no showing had been made by the defendant warranting the settling and signing of an amended and supplemental bill of exceptions; that there was no record, memorandum or minute, official, or *quasi*-official, of the court, or any officer thereof, upon which such an amendment as to any or either of such omitted exhibits might be predicated, and that such amendment could not be predicated upon the recollection of the judge of said court having tried said cause, and now hearing said motion, nor upon his identification of any of the documents offered upon this hearing by the defendant; that there was no competent proof before the court showing that the documents, and each and every of them, offered upon this hearing, were the original documents offered upon the trial of said cause, and referred to in the original bill of exceptions filed herein; that the affidavit of Alonzo M. Griffen, offered by the defendant upon said motion, was improper and incompetent, and could not form the basis of such amendment as to any, either or all of such omitted exhibits.

But the court overruled each and every of said objections.

To which action of the court in overruling said objections, and each of them, plaintiff, by her counsel, then and there duly excepted."

Appellee's motion "to strike out and disregard," etc., includes all the documents and papers omitted from the original bill of exceptions and which are purported to be supplied by appellant's supplemental bill of exceptions. These documents are as follows: Exhibit A, being the original declaration of endowment of Lippman Lichten-

316    APPELLATE COURTS OF ILLINOIS.

VOL. 110.] Grand Lodge Ind. Order of Free Sons of Israel v. Ohnstein.

stein, deceased, deposited with Moses Lodge No. 18, I. O.
F. S. of I.; Exhibit 2, being the endowment laws of appel-
lant; Exhibit 3, purporting to be the last will of Lippman
Lichtenstein; certain files of the Circuit Court in the case
of Hannah Ohnstein et al. v. appellant; placita and judg-
ment in the Circuit Court in suit Hannah Ohnstein and
Julius Ohnstein v. appellant, showing the striking out of
the name of Hannah Ohnstein as co-plaintiff, and judg-
ment in favor of Julius Ohnstein and against appellant, for
the sum of $415 and costs; the judgment of this court,
affirming the last mentioned judgment in favor of Julius
Ohnstein.

The affidavit of Griffen, in support of the amendments,
was, in substance, to the effect that he took stenographic
notes of the evidence offered on the trial, which notes
showed that certain documents, copies of which were
attached to his affidavit, were introduced in evidence on
the trial; that he identified Exhibit A (above mentioned)
by his having marked it " Exhibit A. A. M. G.;" that he
identified Exhibit 2 (above mentioned) by his having
marked it " Pltff's Exhibit 2, May 28, '01;" that he identi-
fied Exhibit 3 (above mentioned) by having marked it
" Pltff's Exhibit 3, May 28, '01, A. M. G.;" that he identi-
fied the files of the Circuit Court (above mentioned) by
inspection thereof and by his stenographic notes; that his
stenographic notes show the admission in evidence of the
placita and judgment of the Circuit Court in Hannah Ohn-
stein et al. against appellant, and the affirmance of the
same by this court.    Affiant also swears that he marked
the documents by direction of the court, but does not say,
nor does the court certify, that the court directed what
marks should be put on the documents.    The court does
not certify to any direction to the reporter.    Appellee, in
opposing the motion to amend the bill of exceptions, read
an affidavit of Griffen, which is contained in appellee's bill
of exceptions, and is as follows:

" Alonzo M. Griffen, being first duly sworn, on oath,
deposes and says that he is the same person who signed and

swore to an affidavit in the above entitled cause on the 14th day of January, A. D. 1903, before E. A. Eulass, notary public; that since signing and swearing to the affidavit before mentioned, he has carefully re-read and examined the same, at the request of counsel for the plaintiff herein; that he has also again examined his stenographic notes taken upon the trial of the above entitled cause before the Honorable R. W. Clifford; that he has also examined the bill of exceptions in the above entitled cause, signed by the Honorable R. W. Clifford, judge, on the 18th day of September, 1902, and now constituting a part of the record in the Appellate Court of Illinois for the First District, in the cause of Grand Lodge of the United States of the Independent Order of Free Sons of Israel against Hannah Ohnstein, and compared his said notes with said bill of exceptions, so far as the exhibits are concerned; that in so far as the exhibits offered, introduced and admitted in evidence upon the trial of said cause are concerned, this affiant says, after such renewed examination of his notes and such comparison thereof with said bill of exceptions, that said bill of exceptions contains a full, complete and exact statement of everything relating to the contents, substance or identity of said exhibits, as shown by affiant's said stenographic notes, and that affiant's said stenographic notes do not show any other or additional matter or thing relating to the contents, substance or identity of any of the said exhibits, than what is shown in the bill of exceptions above mentioned; that in so far as affiant's former affidavit may be susceptible to the construction that affiant's said stenographic notes show any matter or thing relating to the substance, contents or identity of any of said exhibits other than that already shown by said bill of exceptions, affiant says that said affidavit is incorrect, and that the same and his statements therein contained, should be treated as modified accordingly.

Affiant further says that his said stenographic notes of said trial do not contain the substance or contents of any of the exhibits introduced or admitted in evidence upon the trial of said cause, and in so far as affiant's said former affidavit may be construed to the contrary, affiant says that the same is incorrect, and wishes the same, and such statement therein contained, if any, to be treated as modified accordingly.

Affiant further says that he did not prepare the transcript of the testimony taken in the above entitled cause, which was used by said court as a bill of exceptions therein;

318      APPELLATE COURTS OF ILLINOIS.

VOL. 110.] Grand Lodge Ind. Order of Free Sons of Israel v. Ohnstein.

that he has never made any transcript of his stenographic notes taken upon the trial of said cause; that affiant, in the taking of said testimony before said Judge Clifford, was not acting as the official stenographer of said Judge Clifford, but was employed by the plaintiff's attorneys in said cause, and was paid by them as their private stenographer; that affiant knows that at the time that said cause was tried by said Judge Clifford, said Judge Clifford did not have, nor had he appointed any official stenographer, under the statutes of this state, to act as such in his court."

The court further certifies, in appellee's bill of exceptions, in reference to the order of January 15, 1903, allowing the amendments, as follows :

"And the court certifies that in entering said order allowing said amendment, and in signing said amendment and supplemental bill of exceptions, as to each and every of the exhibits therein contained, the court considered such original bill of exceptions of September 18, 1902, the affidavits of Alonzo M. Griffen, hereinabove mentioned, the testimony aforesaid of the deputy clerk of the Appellate Court, and the other witness above mentioned, the documents offered as above recited, and the identification marks shown by said Griffen's affidavits, and contained on the documents purporting to be the originals of Exhibits "A," "B" and "C" attached to said Griffen's affidavit, and predicated such amendment solely upon the same, and upon the court's recollection and identification of each and all of the documents so offered, as being the original exhibits offered upon the trial of said cause, and referred to in said bill of exceptions of September 18, 1902."

This certificate conclusively shows that the court did not predicate the amendments on any memoranda of the court; also, that they were not predicated on any official or *quasi-*official memorandum, because Griffen, as his affidavit and the certificate of the court shows, was not the official reporter of the court. The certificate is, that the court considered the original bill of exceptions, which does not contain the documents, the affidavits of Griffen, the documents themselves, and Griffen's unofficial marks sworn to by him, and predicated such amendment solely upon the same and the court's recollection and identification of the documents.

Briefly, the sole basis for the amendments consisted of Griffen's affidavit and the court's recollection of what occurred more than eighteen months before the amendments were allowed.

In Hubbard v. The People, 197 Ill. 15, Hubbard was convicted at the May term, 1900, of the court. The trial court, at the November term of the court, 1901, amended the record as of the May term, 1901, so as to show that the jury was impaneled and sworn; that the defendant was present when the verdict was returned and the sentence pronounced; and that the jury was kept in charge of a sworn officer. The affidavits of the stenographic reporter of the evidence on the trial and of the clerk of the court were the sole basis of the amendment. The court say :

" The record in a criminal case may be amended after the term at which it is made has elapsed, by an order of court entered *nunc pro tunc,* when by reason of a clerical misprision it does not speak the truth. (Kennedy v. People, 44 Ill. 283; Phillips v. People, 88 Id. 160; Gore v. People, 162 Id. 259; Knefel v. People, 187 Id. 212.) The amendment must, however, be based upon some official or *quasi*-official note or memorandum or memorial paper remaining in the files of the case or upon the records of the court, and a fact proposed to be incorporated into a record to supply an omission can not rest in the recollection of the judge or other person, or be based upon *ex parte* affidavits or testimony after the event has transpired. (Dougherty v. People, 118 Ill. 160; Tynan v. Weinhard, 153 Id. 598; Village of North Chillicothe v. Burr, 178 Id. 218; Chicago, Burlington and Quincy Railroad Co. v. Wingler, 165 Id. 634; Dreyer v. People, 188 Id. 40.) ' The memorial paper or minute by which a record may be amended must be made and preserved as a part of the record, pursuant to law. A private memorandum of a witness is not sufficient.' (Dougherty v. People, *supra.*) ' It must be shown by the production of some note or memorandum from the records or *quasi*-records of the court or by the judge's minutes, or some entry in some book required to be kept by law, or in the papers on file in the cause. It can not be determined from the memory of witnesses, or by the recollection of the judge himself.' Tynan v. Weinhard, *supra.*"

In respect to the stenographic notes of the reporter and the affidavit of the clerk, the court says :

320    APPELLATE COURTS OF ILLINOIS.

VOL. 110.] Grand Lodge Ind. Order of Free Sons of Israel v. Ohnstein.

"The stenographic notes of the shorthand reporter were not, therefore, such a memorial paper, note or memorandum as the law contemplates shall be used as a basis from which to make an order amending a record *nunc pro tunc*. The *ex parte* affidavits of the reporter, accompanied by excerpts from his stenographic notes and of the clerk of the Circuit Court, were not sufficient upon which to base said *nunc pro tunc* order. They were of no more force for the purpose for which they were used than would have been the affidavits of bystanders who had taken notes of the various steps pursued in the trial of the case, or who had been present and observed the course of procedure during the trial." See, also, Dearborn Foundry Co. v. Rielly, 79 Ill. App. 281, and Dougherty v. The People, 118 Ill. 161.

We are of opinion that Exhibit A, purporting to be Lichtenstein's declaration of endowment, or designation of beneficiary, and Exhibit 2, purporting to be the constitution and endowment laws of appellant, should be stricken out of appellant's supplemental bill of exceptions and disregarded, and the motion of appellee will be allowed to that extent.

As to Exhibit 3, purporting to be the last will of Lichtenstein, appellee's attorney, as the original bill of exceptions shows, offered it in evidence, designating it as a " certified copy of the last will and testament of Lippman Lichtenstein, deceased." There can be but one last will of Lichtenstein, and the document contained in appellant's supplemental bill of exceptions is certified March 24, 1892, by the clerk of the Probate Court, to be a true copy of the last will and testament of Lippman Lichtenstein, deceased.

The files and records offered and admitted in evidence were referred to when offered by their appropriate names, by appellee's attorney, so that reference to the record was all that was necessary for their identification. It was substantially admitted on the trial that the Appellate Court, October 27, 1899, affirmed the judgment heretofore mentioned in favor of Julius Ohnstein. It thus appears that as to the documents, with the exception of the documents

Exhibits A and 2, the court had not to rely on Griffen's affidavit, or the court's recollection in respect to them, but could identify them as above stated. The designation by Lippman Lichtenstein of his beneficiaries, and the constitution and endowment laws of appellant, Exhibits A and 2, are of the utmost importance to appellee's case. It is averred in the declaration that Lippman Lichtenstein was, at the time of his death, a member in good standing of the appellant order, and that there was connected with the order an endowment fund, the object of which was to secure to each contributing member to said fund $1,000, to be paid on his death to a certain beneficiary or certain beneficiaries, in the manner provided by the constitution and by-laws of the order. It is then averred that it is provided in the constitution of the order that each member thereof shall contribute to the endowment fund a certain sum, for each of the persons entitled to the benefit thereof, and that in case the deceased have no wife, children or parents, the said sum of $1,000 should be paid to such person or persons as should be designated in a certain designation book kept in said lodge, wherein it was the duty of members contributing to said endowment fund to designate to whom and for whom said sum of $1,000 was to be paid at his death; that said Lichtenstein died August 16, 1891, was, during his life, a contributing member to said fund, that he left neither wife nor children nor parents surviving him, and that prior to his death he did, in accordance with the constitution and by-laws of said order, make a written designation in a certain designation book kept in a certain lodge known as the Moses Lodge No. 18 of the Independent Order of Free Sons of Israel, to whom said sum of $1,000 was to be paid upon his death, etc. These averments illustrate the necessity, in considering the case, of Lichtenstein's designation of beneficiaries, and the constitution and by-laws of the appellant order, which are not contained in the original bill of exceptions, nor properly added to it by amendment.

It has been held in numerous cases that when it does

322    APPELLATE COURTS OF ILLINOIS.

VOL. 110.] Grand Lodge Ind. Order of Free Sons of Israel v. Ohnstein.

not appear from the bill of exceptions that it contains all the evidence, the court will not consider the evidence for the purpose of determining whether it supports the verdict, but will presume that there was sufficient evidence to support it. Kern v. Strasberger, 71 Ill. 303; Garrity v. Hamburger, 136 Ib. 499, 513–14; Shope v. Schaffner, 140 Ib. 470, 472; Goodwillie v. City of Lake View, 137 Ib. 51; Dean v. Ford, 180 Ib. 309; Hickey v. R. R. Co., 6 Ill. App. 172; Bishop v. Morris, 22 Ib. 564; Robertson v. Morgan, 38 Ib. 137; Redner v. Davern, 41 Ib. 245; Poppers v. Hynes, 60 Ib. 448; Stahl v. Pitney, 75 Ib. 649; City of Alton v. Lavenue, 81 Ib. 141.

Some of the Illinois cases cited were in chancery, but the principle is the same as at law. This is the rule in cases in which it does not appear from the bill of exceptions, by statement therein, or otherwise, that it contains all the evidence; *a fortiori* it is the rule when, as in the present case, it conclusively appears from the bill of exceptions that important evidence was introduced on the trial, which it does not contain. Therefore, we must presume that the evidence introduced on the trial was sufficient to sustain the verdict.

There is, however, another question presented by the record. Appellant pleaded the general issue to appellee's declaration. Appellee, by leave of court, replied double to the plea. The first replication is a mere traverse of the plea. The second replication and appellant's rejoinder thereto are, in substance, as follows:

That on August 3, 1892, Hannah Ohnstein, jointly with William E. Hatterman and Jonas Ohnstein as executors of the last will of Lippman Lichtenstein, deceased, impleaded the Grand Lodge of the United States of the Independent Order of the Free Sons of Israel in an action in assumpsit in the Circuit Court of Cook County, Illinois, for the recovery of the same cause of action as in the declaration in this cause mentioned, and that thereafter said defendant was served with process and appeared therein September 20, 1892, and that on January 27, 1896, such proceedings

were had that said cause proceeded thereafter in the name of Hannah Ohnstein and Julius Ohnstein as plaintiffs, and thereafter, on May 17, 1898, said cause came on for trial before Richard S. Tuthill; that testimony was heard, and at the conclusion of the evidence it was claimed by the defendant that Hannah Ohnstein was improperly joined with Julius Ohnstein as plaintiff, and said defendant thereupon, and at said time, promised and agreed to pay the plaintiff the amount claimed to be due her in said action in the event that said defendant was finally held liable in said action upon said endowment, if Hannah Ohnstein would withdraw from said suit and dismiss the same, and that Hannah Ohnstein, relying upon the promises and agreements of defendant on May 17, 1898, and in consideration thereof, moved that said action be dismissed; which said motion was thereupon granted by the court, and said cause was that day dismissed as to said plaintiff Hannah Ohnstein; that, on May 17, 1898, Julius Ohnstein recovered a judgment in said action against said defendant for $416.66 on said endowment, and on the same date said defendant prayed for and was allowed an appeal to the Appellate Court of Illinois, First District, and said appeal was thereafter perfected by said defendant, and on October 27, 1899, the judgment of the Circuit Court in favor of Julius Ohnstein was affirmed, which said judgment of affirmance remains unreversed and unappealed from, and was thereafter paid by defendant.

Rejoinder:    That the said cause in said replication mentioned, wherein the plaintiff jointly with said William E. Hatterman and Jonas Ohnstein, as executors of the last will and testament of Lippman Lichtenstein, deceased, impleaded this defendant in an action of assumpsit, was prosecuted, not alone for the recovery of the same cause of action in the plaintiff's declaration herein mentioned, but was for the recovery also of a certain cause of action in behalf of Julius Ohnstein, and that this defendant did not, during the trial of said cause, at the conclusion of the evidence, introduce, claim or contend that Hannah Ohnstein

324    APPELLATE COURTS OF ILLINOIS.

VOL. 110.] Grand Lodge Ind. Order of Free Sons of Israel v. Ohnstein.

was improperly joined in said action with Julius Ohnstein, and this defendant did not, at said time or at any time, promise or agree to pay the plaintiff the amount claimed to be due her in said action in the event that this defendant was finally held liable in said action upon the endowment of said Lippman Lichtenstein if the said Hannah Ohnstein would withdraw from said suit and dismiss the same; and defendant denies that, relying upon such promises, the plaintiff moved to be dismissed from said action, but the defendant says that Hannah Ohnstein on May 17, 1898, of her own motion, took a non-suit, whereupon the defendant objected to the taking of a non-suit by Hannah Ohnstein and insisted that the whole of said suit be dismissed; and the defendant then and there objected to the allowance of the non-suit, but the court overruled such objection and granted Hannah Ohnstein leave to take a non-suit; to which action of the court the defendant excepted; and thereupon, upon the motion of the plaintiff the pleadings in said cause were amended by striking out the name of Hannah Ohnstein as plaintiff; to which order the defendant objected and excepted.

It will be observed that while the rejoinder denies the promise alleged in the replication, it does not deny the condition of the promise, expressed by the words, "in the event that said defendant was finally held liable in said action upon said endowment." Neither does the rejoinder deny the fulfillment of the condition expressed in the replication by the words :

"On May 17, 1898, Julius Ohnstein recovered a judgment against said defendant for $416.66 on said endowment, and, on the same date, said defendant prayed for and was allowed an appeal to the Appellate Court of Illinois, First District, and said appeal was, thereafter, perfected, and, on October 27, 1899, the judgment of the Circuit Court, in favor of Julius Ohnstein, was affirmed," etc.

Appellant, by not traversing the allegation of the fulfillment of the condition, admitted it, thereby obviating the necessity of proof as to the fulfillment. Chitty says :

"The plaintiff must be extremely careful in traversing

one of several facts, that he denies that which is most open to objection; for he admits those which are not expressly denied." 1 Chitty on Pl., 9th Am. Ed., Sec. 611.

The evidence on the trial was mainly in reference to the question whether a promise was made, as averred in appellee's second replication, and the arguments of counsel are largely devoted to discussion of that question.   Appellant's counsel contend, first, that the promise was not made, and second, that Mr. Kraus, who appeared for appellant in Julius Ohnstein et al. v. appellant, had no authority to make it; also that there was no consideration for the promise.   We think it apparent from the bill of exceptions that it contains all the evidence in respect to the alleged promise of Mr. Kraus.   We have read all that evidence, which is conflicting, and while we might have found a verdict different from that of the jury, had we been jurors in the cause, we can not say that the finding of the jury that the alleged promise was made, is manifestly against the weight of the evidence.

It appears from the evidence that there was some doubt as to whether or not there was a misjoinder of parties plaintiff in Julius Ohnstein and others versus appellant, appellee's attorney insisting that there was not, and Mr. Kraus, for appellant, insisting that there was; also that Mr. Kraus was very confident of ultimately defeating the claim of Julius Ohnstein on the merits, if the suit should be dismissed as to appellee.   These circumstances constituted, as we think, sufficient consideration for the promise.   Appellee renounced a doubtful right, namely, a right of recovery jointly with Julius Ohnstein; and, on the hypothesis that there was a misjoinder, then unless appellee had consented to dismiss as to herself, there would have been a judgment in favor of appellant, on the technical ground of misjoinder.   Appellant acquired the advantage of being able to try the suit on its merits and finally settle the rights of all claimants of the fund in a single suit.   The dismissal of a suit is a sufficient consideration for a promise.   Lawrence v. Coddington, 52 Ill. App. 133.   And this

326     APPELLATE COURTS OF ILLINOIS.

VOL. 110.] Grand Lodge Ind. Order of Free Sons of Israel v. Ohnstein.

even when the result is doubtful. 1 Parsons on Contracts, 6th Ed., Sec. 439. The renunciation or abandonment of a doubtful right is a sufficient consideration to support a promise. Stoelke v. Hahn, 55 Ill. App. 497. Any benefit accruing to the promisor is sufficient consideration. 6 Am. & Eng. Ency., 2d Ed., p. 703.

Mr. Kraus was acting for appellant solely as its attorney at law in the suit of Julius Ohnstein and Hannah Ohnstein, the appellee, versus appellant, and it is objected that he had no authority to make the promise. The total claim against appellant was $1,000, and Julius and Hannah Ohnstein sued jointly for that amount. Appellee claimed two-thirds and Julius one-third of that amount. Mr. Kraus had, as appellant's attorney, full control of the defense in that suit, and stipulated, in substance, that if appellee would dismiss that suit as to herself, and if Julius Ohnstein, the sole remaining plaintiff therein, should finally recover, appellant would pay appellee's claim, without further litigation. Thereupon appellee, by her attorney, dismissed the suit—suffered a voluntary non-suit—as to herself.

In Wilson v. Spring, 64 Ill. 14, a bill was filed to foreclose a mortgage. On the hearing the defendant's solicitor admitted a certain sum to be due, which was $196 more than the principal and interest appearing to be due by the proofs in the case. It was objected that the decree was for too large a sum, in respect to which the court say :

" The evidence failing to sustain the decree in the sum found by the court, is it sustained by the admission by the solicitor of plaintiffs in error, on the trial, that there was due complainant the sum decreed ? It is not denied that the solicitor was regularly retained and fully empowered to act in the case, and in this proceeding, having so acted, we must presume that it was by an authority, and it is binding to the extent that the law permits an attorney to act for his client. It has, so far as we are aware, never been contested that an attorney retained in a case may, on the trial, make admissions and waive rights of his client, which will be as binding as if made by himself. This is necessary from the very nature of the employment. If wrongfully made, he is liable to his client for the injury he sustains thereby." Citing numerous cases.

In Haas v. Chicago Building Society, 80 Ill. 248, the defendant's solicitor stipulated that a decree should be entered in favor of the complainant for the sum of $24,785.56; also, that, on or before a day named, the defendant would pay to the complainant the sum of $30,000. Held, that the stipulation was conclusive on the solicitor's clients, citing Wilson v. Spring, *supra*.

Elgin, Joliet & Eastern R. R. Co. v. Fletcher, 128 Ill. 619, was a petition by the railroad company to condemn a right-of-way for its road through the respondent's farm. By the statute, the petitioner would not have been bound to fence its right-of-way through the farm until six months from the time that part of its line should be open for use. The petitioner's solicitor, to avoid an assessment of damages, in view of the fact that the right-of-way might be unfenced for six months, stipulated orally, in open court, that petitioner would, before May 1, 1888, a date within the six months, enclose its right-of-way with suitable and statutory fences. In respect to this offer the court say :

" We think it is competent, upon the trial of a condemnation case, for the party seeking condemnation to bind itself, by an offer in open court, to the performance of duties like those here offered to be performed, and to thereby, and to the extent that such performance will prevent damages that would otherwise occur, abridge the claim by the land owner for damages."

In C. & N. W. Ry. Co. v. Hintz, 132 Ill. 265, the attorneys for the parties made the following stipulation, while the case was pending on appeal in this court :

" It is hereby stipulated by the parties to the above entitled cause, that the appellant may have until May 23d to file its briefs in the above cause; but it is stipulated that if the said cause shall be reached upon the call of the calendar of this court, and if, at the time it is so reached, appellant's briefs shall not have been then on file ten (10) days, the judgment against the appellant shall be affirmed."

Appellant's briefs not having been filed within the stipulated time, judgment of affirmance was rendered here. In respect to the stipulation, the Supreme Court say :

328     APPELLATE COURTS OF ILLINOIS.

VOL. 110.] Grand Lodge Ind. Order of Free Sons of Israel v. Ohnstein.

" Such agreements made in open court, or even verbally out of court, if acted on, are enforceable." Ib. 267.

In Union Bank of Georgetown v. Geary, 5 Peters, 99, the bank sued the maker and the administratrix of the indorser of a promissory note. The administratrix claimed that she had a defense to the note. The attorney of the bank called on her and requested her to confess judgment on the note, at the same time assuring her that, if she would not dispute her liability, the bank would immediately proceed, by execution, to make the amount from the principal debtor, the maker of the note, who, the attorney assured her, had sufficient property to satisfy the execution. The administratrix, relying on these assurances, confessed judgment on the note. After judgment the bank failed and refused to sue out an execution against the maker of the note, who had sufficient property to satisfy the same, although frequently urged by the administratrix to do so, and finally the maker removed from Georgetown, out of the jurisdiction of the court, taking with him all of his property. On bill filed by the administratrix to enjoin the bank from further proceedings on the judgment against her, it was objected that the attorney of the bank had no authority to make the promise, in respect to which the court say :

" It is not alleged or pretended that any special authority was given by the bank to their attorney to make the agreement set up in the bill, and unless it fell within the scope of his general authority, as attorney in the suit, the bank can not be held responsible. The general authority of the attorney does not cease with the entry of the judgment. He has at least a right to issue an execution, although he may not have the right to discharge such execution without receiving satisfaction. Jackson v. Bartlett, 8 Johns. 366; Kellogg v. Gilbert, 10 Ib. 220. His suit does not terminate with the judgment. Proceedings on the execution are proceedings in the suit. It was, therefore, within the scope of the general authority of the attorney in the suits, to postpone the execution on the judgment against the indorser, and issue one on the judgment against the maker of the note; and this is the utmost extent of the alleged agreement."

An attorney may stipulate that the cause in which he is engaged shall abide the result of another cause.    Ohlquest v. Farwell & Co., 71 Ia. 231; Eidam v. Finnegan, 48 Minn. 53; N. Mo. R. R. Co. v. Stephens, 36 Mo. 150.    An attorney may stipulate that a cause in which he is engaged shall abide the result of another cause in which he is not engaged, and to which his client is not a party.    In Scarritt Furniture Co. v. Moser & Co., 48 Mo. App. 543, 548, the court say :

"An attorney in charge of a case has implied authority from his client to enter into any stipulation for the control of the progress of the action, even to the entering of judgment in favor of the opposite party."    Ib. 548.

In Pierce v. Perkins, 2 Devereux's Eq. (N. C.), 250, Ruffin, C. J., delivering the opinion of the court, says :

" The authority of the attorney of record to make all agreements for the conducting or determining the suit can not be disputed by his clients; other persons are not to take notice of his private instructions, or his want of instructions.    They have a right to consider his authority full, to manage the suit as the party himself could; and the client must be bound by his acts, unless he can clearly establish collusion between the attorney and the opposite party, which here is not pretended."

This case is cited with approval in Wilson v. Spring, *supra*.    See, also, Thompson v. Ft. Worth & R. G. Ry. Co., 73 S. W. Rep. 29.

We are of opinion that Mr. Kraus, as appellant's attorney at law, had ample authority to make the promise in question, and that it is binding on appellant.    This suit was commenced May 28, 1898, and the judgment of this court affirming the judgment of the Circuit Court in favor of Julius Ohnstein and against appellant, was not rendered till October 27, 1899.    Appellant's counsel now object that the condition of the promise, namely, final judgment for Ohnstein in this suit, not having been fulfilled when the present suit was brought, the suit was prematurely brought. The objection does not go to the merits; it is dilatory merely, is in the nature of a plea in abatement, and should

have been urged at the first opportunity.    Conley v. Good, Beecher's Breese, 135; Miller v. Metzger, 16 Ill. 390; Reed v. Curry, 35 Ib. 536, 540; Kinney v. Bauer, 6 Ill. App. 267, 272; Leo Kee v. Wah Sing Chong, 72 Pac. Rep. 473.

The attention of the trial court was not called to the objection in any way, not even by the motion for a new trial or by instruction.    The appellant can not avail of the objection by urging it here for the first time.    To hold that the trial court erred in respect to a matter not called to its attention, would be unjust both to appellee and the trial court.    Appellant filed a written motion for a new trial, specifying reasons for the motion, and did not specify as a reason that the suit was prematurely brought.    By this omission appellant waived the objection.    R. R. Co. v. McMath, 91 Ill. 104.

The judgment will be affirmed.