## Page V. Lyon, Trustee in Bankruptcy, Appellant, v. Poney Moore et al., Appellees.

### Gen. No. 16,110.

**1.** APPEALS AND ERRORS—*when findings of chancellor not disturbed.* Where the testimony is conflicting, a court of review will not disturb the finding of the chancellor upon a question of fact unless it is clearly apparent the chancellor has committed error.

**2.** APPEALS AND ERRORS—*when decree presumed supported by the evidence.* Notwithstanding a certificate of evidence may be certified as containing all the evidence if upon its face documentary evidence which may be material appears to have been omitted therefrom the decree rendered will be presumed to have been supported by the evidence actually before the chancellor.

**3.** LIS PENDENS—*when chancery action not.* Until summons is served a chancery action is not *lis pendens.*

Appeal from the Superior Court of Cook county; the Hon. BEN M. SMITH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed March 14, 1912.

A. D. GASH, for appellant.

WHEELER, SILBER & ISAACS, for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This is an appeal from a decree entered by the Superior Court upon a bill filed by appellant as trustee in bankruptcy. The bill alleges *inter alia* that the bankrupt, Poney Moore, did not schedule all his property; that he was owner of a ten years' lease, having still five years to run; that the rental under the lease to him was $100 per month, and that he had assigned the lease to the defendant Marshall, who agreed to pay him $150 per month therefor, leaving him a profit of $50 a month for the unexpired term of five years. It is further averred that less than four months before he filed his petition in bankruptcy he fraudulently made

a pretended surrender of said lease to his landlord, Mrs. Fowler, who is made defendant herein; that she thereafter made a pretended lease of the premises for the unexpired term to one Blunk without consideration, and that this second lease was made with intent to defraud the creditors of the bankrupt and is held by Blunk in trust for the bankrupt. It is averred also that the bankrupt was owner of a theater, saloon and pool and billiard tables, which Blunk obtained possession of without consideration.

The prayer of the bill is to the effect that a decree be entered turning over the personal property to complainant, reinstating in full force and effect the original lease from Mrs. Fowler to the bankrupt, and directing defendant Joseph Marshall to pay rent at the rate of $150 per month from and including December, 1907, that defendant Fowler accept $100 per month in payment of the rent due her and that she and Blunk be restrained from asserting any right under the second lease to Blunk, that complainant be substituted to the right of the bankrupt in and to the original lease and sublease and for the appointment of a receiver.

A hearing was had and a decree entered, which finds that defendant, Mrs. Fowler, paid nothing for the surrender by the bankrupt to her of the original lease from her to the bankrupt, and received nothing from Blunk for the lease to him; that Blunk assigned the lease made by Mrs. Fowler to him to one Williams for a valuable consideration and Williams sold it to one Blackburn for a like consideration; that the transfers from Blunk to Williams and Williams to Blackburn were in good faith and without fraudulent intent; that by the surrender of the lease to her by the bankrupt, defendant Fowler became immediate lessor to Marshall, whom Fowler directed to pay the rent to Blunk; that Marshall paid Blunk $150 per month from June, 1907, to January, 1908, and that Blunk paid $100 a month to Mrs. Fowler during that period; that the

surrender of the lease by the bankrupt to Mrs. Fowler and the lease from her to Blunk were parts of a scheme by the bankrupt to defraud complainant and creditors; but that Mrs. Fowler had no knowledge of such intent, and accepted the bankrupt's surrender and made the lease to Blunk in good faith; that the purchase by Williams and Blackburn of the lease to Blunk was also without knowledge of and intent to defraud the creditors of the bankrupt; that Blunk received $400 profit on said lease in trust for the bankrupt. The decree directs Blunk to pay to the complainant $900, and finds that the theater and saloon fixtures, billiard and pool tables were transferred fraudulently to Blunk without consideration, and were by him transferred back to the bankrupt, by whom they were sold for $350. The bankrupt is by the decree directed to pay this money to complainant within three days and to turn over to complainant the theater and saloon.

Complainant appeals from this decree and assigns as error the admission of improper evidence, the rejection of proper evidence, the decree against Blunk for only $900, and in favor of Fowler and the Marshalls.

Appellant urges first that the evidence does not bear out the decree in finding that Williams bought the lease from Blunk for a valuable consideration. There is however evidence tending to show that Williams did not pay Blunk any money at the time of the demise, but that the witness does not know what Williams did pay, except that Blunk was indebted to Williams and that such indebtedness was a part of the consideration. It is urged secondly that the assignment of the lease to Williams is dated January 8, 1908, and the bill was filed December 7th preceding. It is claimed therefore that the assignment from Blunk to Williams was made *lis pendens* and with full knowledge to Williams that Blunk's title under the lease was disputed. Third, it is claimed also that defendant Frank Marshall was the real purchaser from Williams, buying in the name

of Blackburn and with full notice of the fraud charged against Blunk.

In Amos v. Am. Trust & Savings Bank, 221 Ill. 100-105, it is said: "The rule in this State is that where the testimony is conflicting as it is in this case, a court of review will not disturb the finding of the chancellor upon a question of fact unless it is clearly apparent the chancellor has committed error." There is evidence here clearly tending to support the findings.

In Heyman v. Heyman, 210 Ill. 524-529, it is said: "The evidence in this case was all heard in open court and * * * was conflicting in character. The chancellor saw the witnesses and heard them testify and was in a much better position to judge of their credibility than we are from a perusal of their testimony as it appears in the record. Under such circumstances a court of review will not disturb the findings of fact of the chancellor unless it is apparent that error has been committed. (Dowie v. Driscol, 203 Ill. 480; Hardy v. Dyas, 203 id. 211.) In Biggerstaff v. Biggerstaff, 180 Ill. 407, we said, (p. 411): 'The law is well established in this State that where a cause is heard by the chancellor and the evidence is all, or partly, oral it must appear that there is clear or palpable error before a reversal will be had.'" The rule is substantially the same in some cases without reference to whether there is or is not direct conflict in the evidence. In Powell v. Huey, 241 Ill. 132-136, it is said: "The evidence was heard in open court, and under such circumstances the findings of fact by the chancellor will not be disturbed unless it is clearly apparent that they are wrong." It does not so appear in the case at bar.

As to the contention that Blunk's assignment to Williams of the lease in question was made after the filing of the bill of complaint and that it was therefore made *lis pendens*, it appears that no summons or subpoena had been served, and as said in Hallorn v.

Trum, 125 Ill. 247-253, "the commencement of a suit by filing a bill does not constitute *lis pendens* until summons or subpoena has been served." To the same effect is Grant v. Bennett, 96 Ill. 513-521.

As to the contention that Frank Marshall was the real purchaser in the name of Blackburn from Williams, and with full notice of the fraud charged against Blunk, the chancellor found otherwise and we discover no reason to interfere with such findings.

Upon the record, which we have examined with care, we are of opinion the chancellor's conclusions are in accordance with and warranted by the evidence and the lack of evidence to justify appellant's contentions.

Our attention is called to the statement in the certificate of evidence to the effect that it contains all the evidence. Apparently however a number of documents introduced in evidence and referred to therein are not to be found in the record. How material these papers are we cannot in their absence determine. In this condition of the record we cannot say the decree is not supported by the evidence and must presume that it is so supported. Dahl v. Macdonald Engineering Co., 141 Ill. App. 187, 190; Grand Lodge I. O. of F. S. of I. v. Ohnstein, 110 Ill. App. 312-322, and cases there cited.

The decree of the Superior Court will be affirmed.

*Affirmed.*