## William Condon, Appellee, v. Chicago Railways Company et al., on appeal of J. C. Pennoyer Company, Appellant

## Gen. No. 18,461.

1. APPEALS AND ERRORS—*where certificate does not recite that transcript contains all the evidence.* Where the certificate to a bill of exceptions is signed by another judge in the absence of the trial judge and does not recite that the transcript contains all the evidence adduced at the hearing, the question whether the verdict is against the manifest weight of the evidence is not before the court of review.

2. EVIDENCE—*when not part of res gestæ.* Where plaintiff while standing on the foot board of a crowded street car was struck by rods on defendant's wagon, the testimony of a witness as to what she heard the driver of the wagon say to the motorman is no part of the *res gestæ.*

3. APPEALS AND ERRORS—*where liability of defendants is several.* In a personal injury action where the liability of defendants is several and the evidence against the defendant found guilty is sufficient to sustain the judgment, errors in rulings of the court as between the defendants, with which errors plaintiff has nothing to do, are not grounds for reversal.

4. ROADS AND BRIDGES—*duty of one driving a vehicle along a public street.* Where plaintiff while standing on the foot board of a street car is struck by rods on defendant's wagon, an instruction that it is not the duty of a driver of a vehicle moving along a public street to look out behind, that on the contrary the duty of such a driver is to look ahead so as to avoid collision with other vehicles or persons, is properly refused.

5. ROADS AND BRIDGES—*duty of driver of wagon to look behind.* Where a driver, knowing a street car is behind him, causes the wagon

to leave the tracks to let the street car pass it is his duty to look back to see that bars extending beyond the wagon are clear of the track as he changes the course of the wagon.

Appeal from the Superior Court of Cook county; the HON. WILLIAM FENIMORE COOPER, Judge, presiding.    Heard in the Branch Appellate Court at the March term, 1912.    Affirmed.    Opinion filed June 3, 1913. Rehearing denied June 17, 1913.

BOYLE, MOTT & HAIGHT, for appellant.

QUIN O'BRIEN and O. A. ARNSTON, for appellee.

MR. PRESIDING JUSTICE CLARK delivered the opinion of the court.

Suit was brought by the appellee, as plaintiff against the appellant and the Chicago Railways Company, as defendants, for damages on account of personal injuries received.    There was a trial before the court and a jury, the court directing the jury to find a verdict in favor of the Railways Company, which was done, and at the same time a verdict rendered finding the appellant guilty and assessing the damages at $7,000. Afterwards a remittitur was entered of $2,000 and judgment rendered for the balance.

The evidence tends to show the following facts: The plaintiff, a man thirty-three years of age, was riding as a passenger on an open car of the Railways Company; the car was crowded, and appellee, with other men, was standing on the foot board on the right-hand side, about the center, with an arm around one of the uprights, others on the foot board being in front of him; the car upon which the appellee was riding came to within one hundred or one hundred fifty feet of the wagon of the appellant as the two were approaching a viaduct, the wagon being upon the car tracks and the horse moving slowly.    The speed of the car was slackened, the driver on the wagon looked toward the car and caused the wagon to be pulled out

of the tracks to the west, leaving a clearing space of four to six feet to the nearest part of the side of the car. The wagon was loaded with some sheet steel, on top of which were a number of rods of angle iron made of steel about twenty-four feet long, and so made as to be the shape of the letter "V" on the end. They were thrown on the wagon on top of the sheet iron, lying diagonally, and were so loaded that they extended a distance of eight to twelve feet beyond the rear end of the wagon and projected over the east side of the wagon some distance, variously estimated at from six to eighteen inches. There is also evidence tending to show that when the car was about one hundred feet back of the wagon the speed was decreased so that it came almost to a stop; that the wagon was driven westerly out of the track; that when it was moving south on the west roadway its wheels were from four to six feet from the line of the car; that the end of the nearest projecting rod had a clearance of a foot and a half from the line of the outer edge of the foot board and the passengers thereon; that the motorman then moved the car forward slowly and kept ringing his gong; that when the car was passing, appellant's driver suddenly turned his wagon to the right, and the rods were swung into the side of the car, knocking from the foot board all of the men who stood from about the center of it to the rear end; that the accident happened between street crossings; that several of the rods struck appellee, one of them running through his thigh and striking the woodwork of the car and bent downward into a curve; that he was shoved along the foot board and onto the street; that there was no intimation or warning that the driver was to make this unnecessary turn, and no opportunity for the men on the foot board to get off of the car or into the car before the accident; that the car ran only a few feet after the rods struck the appellee.

The only witness for the appellant as to the man-

ner of the accident was the driver of the wagon who denied he was upon the tracks at any time. The great preponderance of the evidence, however, was to the contrary as heretofore indicated.

The certificate to the bill of exceptions was not signed by the trial judge, but by another judge of the Superior Court in his absence, and recites "that the above and foregoing is a true, full and correct transcript of the proceedings taken before the said trial judge in the above entitled cause." As the certificate does not recite that the transcript contains all the evidence adduced at the hearing, the question as to whether or not the verdict was against the manifest weight of the evidence is not before us. *Grand Lodge Ind. Order Free Sons of Israel v. Ohnstein,* 110 Ill. App. 312. We have, however, examined the record, and are of the opinion that the verdict was justified in respect to the question as to the responsibility for the accident, if it be assumed that the record does contain all the evidence.

The first point raised in the brief of the appellant is the alleged error of the court in refusing to permit a witness for the plaintiff to answer a question propounded by the attorney for the appellant, as to what she heard the driver of the wagon say to the motorman. The objection was made by the Railways Company and not by the plaintiff. It was held by the court to be not proper cross-examination. We agree with counsel for the plaintiff that it was no part of the *res gestae. Springfield Consol. R. Co. v. Puntenney,* 200 Ill. 9; *Lecklieder v. Chicago City Ry. Co.,* 142 Ill. App. 139.

It is next suggested by the appellant that the court erred in directing a verdict in favor of the Railways Company. The liability of the defendant was a several and not a joint one, and where, as in this case, the evidence against the defendant found guilty is sufficient to sustain the judgment, errors in rulings

of the court as between the defendants, with which errors the plaintiff had nothing to do, are not grounds for reversal. *Schmidt v. Chicago City Ry. Co.,* 239 Ill. 494.

An instruction was asked by the appellant to the effect that it is not the duty of a driver of a vehicle moving along a public street or highway to keep a lookout behind; that on the contrary the duty of such a driver is to look ahead so as to avoid collision with other vehicles or persons. We think the instruction was properly refused. If the driver knew that the street car was behind him, and caused the wagon to leave the tracks in order to let the street car pass, it was his duty to look back to see that the bars extending beyond the wagon were clear of the track as he changed the course of the wagon.

Other instructions are complained of as being improperly refused, but we think they were either covered by instructions which were given, or that they were inapplicable to the case for reasons heretofore set forth with reference to the instruction first commented on.

It is urged that the judgment should be reversed as being largely excessive in amount. The trial judge, who had before him the witnesses, required a remittitur to be entered by the plaintiff, and on the whole case we are unable to say that justice has not been done between the parties.

We do not agree with appellee in the contention that statutory damages for a frivolous appeal should be allowed in this case.

The judgment will be affirmed.

*Affirmed.*